May Term,
1858.

WARBRITTON
v.
CAMERON.

Monday,
May 31.

Monday,
May 31.

---

WARBRITTON *v.* CAMERON.

*A.* and *B.*, as partners, were indebted to *C.* by note. *A.* sold his interest in the partnership to *D.* *D.* and *B.* agreed to pay all the debts of *A.* and *B.* Afterwards, *D.* sold his interest to *B.* Afterwards, *A.* gave his individual promissory note to *C.* for an unpaid balance of the partnership debt, *B.* agreeing to assign to him promissory notes for the amount. *C.* thereupon surrendered the partnership note. *A.* brought suit against *B.* on the promise. There was evidence tending to prove a demand by *A.* before suit. *Held,* that *A.* was entitled to recover.

Facts not denied by the answer, are to be taken as true on the trial.

A variance amendable in the Court below, will be deemed to be amended in the Supreme Court.

APPEAL from the *Warren* Court of Common Pleas.

WORDEN, J.—This was an action on promises, brought by the appellee against the appellant.

The complaint alleges, in substance, that the plaintiff and defendant, as partners, were indebted to one *Samuel J. McAlilly* by note, for goods sold and delivered to them as such partners; that afterwards, the plaintiff sold his interest in the partnership to one *Charles Stedman;* that *Stedman* and *Warbritton* agreed to pay all the debts owed by the firm of *Cameron & Warbritton;* that afterwards, *Stedman* sold out all his interest in the partnership to said *Warbritton,* who agreed to pay all the debts both of *Cameron & Warbritton,* and *Warbritton & Stedman;* that afterwards, in *October,* 1855, the said *McAlilly* debt not having been paid by *Warbritton,* as he had agreed, an arrangement was made by which the debt was all paid, except 290 dollars, 18 cents, at which time said *McAlilly* agreed to take the individual note of *Cameron,* for said balance due, and surrender the partnership note, whereupon the said *Warbritton* agreed if *Cameron* would give his own note to *McAlilly* for said balance of said debt which he had agreed to pay, that he, *Warbritton,* to secure him for so doing would turn out and assign to *Cameron* notes to the amount of said balance of 290 dollars, 18 cents, whereupon *Cameron* gave his own note to *McAlilly* for said balance, which *McAlilly* received in full satisfaction of the partnership debt, and surrendered the partnership note. Breach, that the defendant refuses to turn out and assign the notes, according to his agreement, though often requested, &c.

The defendant, by his answer, admitted the partnership of plaintiff and defendant as charged, and admitted the contracting of the debt mentioned; but denies that it was to said *McAlilly,* but says it was to said *McAlilly* and one *George Johnson.* He also admitted that the plaintiff sold his interest to said *Stedman,* and that defendant bought out said *Stedman,* and that he agreed to pay the debts of said *Stedman* and himself; but denies that he agreed to pay the debts of the plaintiff.

The answer further sets up, that it was agreed between

*May Term, 1858.*

WARBRITTON
*v.*
CAMERON.

*Tuesday, June 1.*

May Term,
1858.

WARBRITTON
v.
CAMERON.

the plaintiff and defendant, that if the defendant would arrange and pay the balance of the debt due to *McAlilly & Johnson*, he, the plaintiff, would pay the 290 dollars to them; that the defendant did arrange and pay, according to his agreement; and he denies that he agreed to assign notes to the plaintiff to the amount of 290 dollars, or any other sum, but avers that the plaintiff agreed to pay said balance of 290 dollars without having any notes assigned to him, and that the defendant should be discharged from all obligation to pay any more on said debt.

The cause was tried by a jury. Verdict for plaintiff for 290 dollars, 18 cents. Motion for a new trial overruled, and judgment on the verdict.

The reason filed for a new trial is, that "the verdict is not sustained by the evidence, and is contrary to law." Exception was duly taken to the ruling of the Court, and the bill of exceptions sets out the evidence.

Whatever facts are not denied by the answer are to be taken as true on the trial.

In this case, the partnership of the parties and the indebtedness to *McAlilly & Johnson* is admitted, as is also the sale by the plaintiff to *Stedman*, and by *Stedman* to the defendant; neither does the answer deny the agreement by the defendant and *Stedman*, to pay the debts of *Cameron & Warbritton;* nor does it deny that *Cameron* gave his own note to *McAlilly* for the 290 dollars, 18 cents, the balance of the partnership debt, and that thereupon *McAlilly* surrendered the partnership note.

We have examined the testimony carefully, and think it makes out all the facts necessary to be proven under the pleadings. There was evidence showing that *Warbritton* agreed to let the plaintiff have the notes, as set up in the complaint, upon his giving his own individual note to *McAlilly*, and evidence tending to show that he had made a demand of them before the commencement of the suit. We do not decide that any demand was necessary, but if it was, it might fairly be inferred from the testimony. There was some conflict in the testimony, as to whether the defendant made the agreement to assign the notes to

the plaintiff; but the question having been passed upon by the jury, we are not disposed to disturb their finding.

The testimony we think shows that the indebtedness, instead of being to *McAlilly* alone, was, as is alleged in the answer, to *McAlilly & Johnson*, and that the transaction throughout was with them; but probably *McAlilly* was the one who actively transacted the business. This however was a variance which could have been amended on the trial in the Court below. (2 R. S. p. 46, § 95), and, in such cases, the defect shall be deemed to be amended in the Supreme Court. *Id.* p. 162, § 580.

*Per Curiam.*—The judgment is affirmed with costs (1).

*J. R. M. Bryant* and *R. A. Chandler*, for the appellant.

*B. F. Gregory* and *J. Harper*, for the appellee.

(1) See a case between the same parties, 9 Ind. R. 351.