## HULL *v.* GREEN.

PRACTICE.—AMENDMENT.—Where a variance between the evidence and the pleadings would have been amendable in the court below, it will be deemed to have been amended in the Supreme Court.

SAME.—Where the whole evidence is not in the record, the Supreme Court will assume that such facts were in proof as will support the action of the court below, if such a state of facts was possible.

APPEAL from the *Noble* Common Pleas.

FRAZER, J.—This was a suit to recover upon a promise to pay money, the consideration of which was alleged to be the conveyance of certain real estate by the plaintiff to the defendant. The plaintiff had judgment, and the defendant appeals.

It appeared in evidence that the consideration for the promise was the land, a quantity of wood, timber and rails, and thirty-one sheep. Was the variance fatal? It might have been cured by amendment below, and cannot, therefore, be available here. *Warbritton* v. *Cameron,* 10 Ind. 302.

It appeared in evidence that the conveyance originally executed by the plaintiff to the defendant did not embrace about twelve acres of the land intended to be conveyed. The plaintiff thereupon, at the trial, at once executed a deed for the omitted lands, and was permitted to read it in evidence, the defendant objecting. This, it is claimed, was erroneous. The whole evidence is not in the record, and we must therefore presume that such facts were in proof as will support the action of the court below, if such facts are possible. If the twelve acres had been omitted from the conveyance by mistake of the draughtsman, and the purchaser entered into the possession and enjoyment of the whole, then his title was good in equity, and he could have compelled a correction of the deed. If the plaintiff had offered to make the correction before he sued for the purchase money,

then there could be no doubt of the propriety of this evidence. Such evidence would not have been fatally variant from the complaint, would have been admissible under it, and the complaint might have been amended so as to avoid the variance. It follows that we cannot reverse the case upon this point.

The judgment is affirmed, with costs.

*A. Ellison*, for appellant.

*Morris & Chapin*, for appellee.