## CURRY and Others *v.* KEYSER.

SALE.—*Misrepresentations.*—Where a misrepresentation as to the nature and quantity of property sold amounted only to an opinion of the seller, who had no notice or reason to suspect that the buyer was relying upon his estimate, and no special qualification in the particular matter for making a more accurate estimate than the buyer, and it did not appear that the buyer, who relied upon such representation, had been injured; *held,* that there was no fraud.

PLEADING.—*Fraud.*—It is not enough that a pleader characterize a transaction as fraudulent by the simple use of that word; he must allege such facts as show that conclusion.

APPEAL from the Knox Circuit Court.

FRAZER, J.—This was a suit upon a promissory note calling for three thousand five hundred dollars. Error is assigned upon the action of the court below in sustaining demurrers to the first and third paragraphs of the answer.

The first paragraph of the answer avers, that the consideration of the note in suit was a certain steam saw-mill, and personal property, and certain timber trees growing upon certain lands, purchased at seven thousand dollars; that the plaintiff fraudulently represented to the defendants that the trees would make a certain quantity of lumber, whereas, in truth, they would make much less, and were of less value by four thousand dollars than if they would have made the quantity of lumber represented; that the defendants were unacquainted with said timber, its quantity, &c., and relied wholly upon the representations of the plaintiff, who was an expert in sawing timber. This paragraph is, in our opinion, wholly insufficient. It shows nothing but an opinion expressed by the plaintiff as to the nature and quantity of the property sold. The representations, it is alleged, were fraudulently made, but the facts alleged do not show any such thing. It was not enough that the pleader should characterize the transaction as fraudulent by the simple use of that word. It is the office of a pleading to allege facts, not legal conclusions. Nor

Curry and Others *v.* Keyser.

does the averment that the defendants relied upon these representations help the answer. That may have been their own folly. A case of known trust and confidence reposed is not shown. The plaintiff had no notice, nor reason to suspect, that the defendants were relying upon his estimate; and it is, indeed, not inconsistent with the averments, that the plaintiff was as little capable of estimating the amount of lumber in a growing forest as the defendants. It is not perceived that his alleged skill in sawing lumber would qualify him to make such an estimate with much accuracy, or constitute any just basis for confidence in his opinion upon the subject. Moreover, the defendants do not seem, from the averments, to have made a disadvantageous bargain.

The third paragraph of the answer, which is also, in form, a counter-claim, is much like the first, and no better in law. Indeed, some of its averments, as, for example, that the timber is worth fifty thousand dollars less than if it had been as represented, when the purchase price of the whole, including a steam saw-mill and a large amount of other property, was only seven thousand dollars, look much like sham pleading.

The judgment is affirmed, with costs.

*W. E. Niblack* and *W. H. De Wolf,* for appellants.

*J. C. Denny* and *G. G. Reily,* for appellee.