————o————

## GARNIER *v.* GEBHARD and Another.

CONTRACT.—*Construction of.*—*Partnership.*—One of two partners in the business of brewers executed an agreement for the sale of "his whole interest in the brewery at," &c., "consisting of stock on hand, personal property, real estate, &c., &c.." describing certain town lots, "for the sum of," &c.

*Held,* that said agreement, taken according to its terms, did not dispose of moneys on hand or on deposit belonging to the partnership, or of bills receivable or accounts in favor of the firm.

APPEAL from the Dearborn Circuit Court.

Suit by the appellant, Garnier, against the appellees, Gebhard and Hauck, for the settlement of the affairs of a.

copartnership theretofore existing between said Garnier and Gebhard and the appointment of a receiver.

The complaint sets up the formation of the partnership in the brewing business and the time of its continuance and alleges, that on the 14th of March, 1866, the appellant and the appellees entered into an agreement in writing, as follows: "This certifies that John B. Garnier has this day bargained and sold to J. J. Hauck, Jr., of Rush county, Indiana, and Julius Gebhard, of Lawrenceburgh, Indiana, his whole interest in the brewery at New Lawrenceburgh, Indiana, consisting of stock on hand, personal property, real estate, &c., &c. (lots Nos. 5, 6, 7, 8, and 9), for the sum of thirty-four thousand dollars, ten thousand dollars cash in hand," the remainder in instalments, "with six per cent. interest from date of purchase, with approved security on nine thousand dollars, balance secured by mortgage."

It was alleged, that afterwards, on the 21st of March, 1866, the plaintiff with his wife, pursuant to said agreement, upon the cash payment made in accordance therewith and upon the performance of the other conditions, made and delivered a deed of conveyance and instrument of transfer to the appellees, which is set out, and in which the property conveyed and transferred is described as in said agreement.

The complaint further alleged, that at the time of making the contract recited, there were outstanding and due said partnership from divers persons sundry claims and debts evidenced by instruments in writing, such as drafts, checks, bills of exchange, and promissory notes, and on book accounts, amounting in the aggregate to the probable sum of fifteen thousand dollars; that there was then money on hand, deposited in a safe belonging to the plaintiff and standing in said brewery, for the use of said partnership, the sum of three hundred dollars, the property of said partnership in said business of brewing in said brewery; that there was then money on hand deposited in the First National Bank of Lawrenceburgh, the sum of one thousand dollars, the property of said partnership in said business;

that by the terms of said contract and deed, said claims and money were not bargained and sold or conveyed by the plaintiff to the defendants, but remained undisposed of and the property of said partnership; that there were then outstanding against said partnership and in favor of different persons, sundry claims and debts evidenced by promissory notes and other instruments in writing, and owing and due on book accounts, amounting to the probable sum of eight thousand dollars, which remains unpaid; that by said sale and conveyance said partnership was dissolved, and it was then the object and intention of the partners to wind up all their partnership concerns; that immediately after the execution and delivery of said deed, the defendants took exclusive possession of the books of said partnership between the plaintiff and Gebhard, and have hitherto prevented the plaintiff from having any access thereto, and have taken exclusive possession of said money in said safe, and have converted the same to their own use, and have drawn said money deposited in said bank and converted it to their own use; and he is informed and believes that they have collected and receipted for, in the name of said firm of Garnier & Gebhard by the defendant Gebhard, divers amounts of money from various persons, on said claims, debts, and demands outstanding in favor of said partnership, and have converted them to their own use; that between the time of making said contract and the time of the delivery of said deed, said Gebhard collected and receipted for, in the name of said firm of Garnier & Gebhard, divers sums of money from various persons on said debts outstanding in favor of said partnership, and has converted such sums of money to the sole use and benefit of the defendants; that said Gebhard severally, and jointly with defendant Hauck, is proceeding to collect and receipt for such debts and to apply the sums of money thus received to the sole use of defendants; that the defendants, both and each, have hitherto failed and refused to pay the plaintiff his share of said money on hand and deposited in said safe, or of that deposited

in said bank, or of said sums of money collected; that he is informed and believes that said Gebhard, individually and in the name of Garnier & Gebhard, and the defendants jointly have given notice to the persons owing said debts to said partnership that the plaintiff bargained and sold said debts to the defendants, that they alone are authorized to collect and receipt for and settle said debts, and that the plaintiff has no right or authority to interfere with, collect, receipt for, or settle the same or any or either of them. Prayer, that said partnership between the plaintiff and defendant Gebhard be taken as dissolved and be dissolved; that the defendants jointly and severally be enjoined from further interfering with any of the remaining property and concerns of said partnership; that a receiver be appointed, &c.

The defendants answered in four paragraphs, the second of which only need be noticed here. It admits the making of said contract on the 14th of March, 1866, and alleges, in substance, that thereby the plaintiff bargained and sold to the defendants all his right and interest in said brewery, consisting of and embracing said lots 5, 6, 7, 8, and 9, and the buildings thereon, and all the fixtures and machinery attached and connected therewith, and all the personal property employed in and about said building, and stock on hand, consisting of beer-bottles, casks, beer-wagons, horses, harness, hops, buggy and harness, malt, safe in office, money on hand in the safe and deposited in bank, bills receivable, accounts, books, and all demands due and owing to said firm of Garnier & Gebhard, which is the same property set forth in the complaint; that after said agreement had been executed and delivered, the plaintiff pursuant thereto delivered over to the defendants said brewery, with all the fixtures and machinery used in carrying on said business, and all the beer on hand, casks, bottles, beer-wagons, horse and buggy and harness, malt, and the books and accounts, the safe in the office, the money on hand and on deposit, all the bills receivable, except the amount of about five thousand dollars, which the plaintiff had taken from

the office of said firm for the purpose of collecting, but which he then agreed and promised to return to the defendants; that on the 21st of March, 1866, in pursuance of said agreement, plaintiff executed and delivered to defendants said deed, and the defendants paid the plaintiff ten thousand dollars, gave their notes with approved security for nine thousand dollars, and secured the balance of the purchase-money by a mortgage, of which a copy is set out; that the plaintiff made no pretense of having claim or right to certain malt in a house rented by said firm apart from said brewery, or any of the notes, books, bills receivable, or any of the personal property, buggy, or harness, or of any money on hand or on deposit, until after the payment of said ten thousand dollars and the delivery of the notes and securities for the balance of the purchase-money as before stated. Wherefore, the defendants say that they are the owners of said bills, notes, accounts, money, buggy and harness, and malt, and have been the owners thereof since March 14th, 1866. Prayer, that the plaintiff be enjoined from intermeddling in any way with the same, or disturbing the defendants in their possession thereof; that their title thereto be quieted; and for costs.

A demurrer to this paragraph was overruled, and the appellant excepted.

The plaintiff replied to the second paragraph of the answer, that he never delivered or agreed to deliver to the defendants or either of them said money on hand in said safe, or said money on deposit in bank, or said books, accounts, notes, bills receivable, rights, credits, or effects, or any or either of them as in said answer alleged, or otherwise; that although these were partnership property, growing out of the business carried on by said Garnier & Gebhard in said brewery, and remained undivided between them before the time of making said contract, yet by the terms of said contract they were not to pass and did not pass to the defendants; nor were they or either of them stock on hand or personal property belonging or appertaining to said brew-

ery and bargained and sold or intended to be bargained and sold by the plaintiff to the defendants under said contract; but under said contract they and each of them remain the joint property of plaintiff and defendant Gebhard as partners as in the complaint set forth; and that the plaintiff now brings into court the moneys, property, bills receivable, and all things in his hands as such partner, to be turned over to a receiver to be appointed herein, &c.

To this reply the court sustained a demurrer; and the appellant excepted.

RAY, J.—The agreement, as stated in the complaint, is for the sale by John B. Garnier of "his whole interest," not in the partnership, but "in the brewery at New Lawrenceburgh, Indiana, consisting of stock on hand, personal property, real estate, &c., &c. (lots Nos. 5, 6, 7, 8, and 9,), for the sum of thirty-four thousand dollars." There is no averment of any mistake or error in drafting the instrument, and therefore we must be controlled by its plain language. This sale of the appellant's interest in the brewery included certain real estate connected with the building occupied as a brewery, the stock on hand, and the personal property used in the manufacture, storing, and disposal of the products of the brewery. Beyond this it is impossible by construction to carry this agreement. It does not purport to dispose of the moneys on hand or on deposit belonging to the partnership, or of the bills receivable, or accounts in favor of the firm; nor do the purchasers assume to pay from the assets the debts owing by the partnership.

The second paragraph of the answer avers, that after the execution of the agreement, the appellant delivered over to the appellees the moneys, bills receivable, &c., belonging to the firm. This averment presents not a question of law, but one of fact. The appellant had the power to make a gift of the property or of his interest therein and his right of possession thereof. The demurrer to this paragraph was therefore properly overruled.

The reply to this paragraph of the answer denies the delivery of any of the choses in action or personal property, and proceeds to reassert the claim as stated in the complaint. The demurrer to this reply presented the question which had been already tendered in the complaint, and the construction we have placed upon the contract sustains the reply. This demurrer should have been overruled.

Judgment reversed, and cause remanded, with directions to overrule the demurrer to the reply to the second paragraph of the answer. Costs here for appellant.

*W. S. Holman* and *J. Schwartz*, for appellant.