## OVER *v.* HETHERINGTON.

PARTNERSHIP.—*Set-off.*—*Promissory Note.*—*Fraud.*—*Negligence.*—*Pleading.* —In a suit upon a promissory note not payable in bank, the defendant answered that himself, B. and C. were partners ; that B. and defendant bought out C.'s interest in the concern, each to pay one-half of the amount agreed upon ; that the note in suit was executed by defendant to C., in discharge of his half ; that when C. retired from the firm he was indebted to it in a certain sum, on his individual account, which indebtedness C. had fraudulently concealed from defendant ; that defendant subsequently bought out B. and became thereby the owner of the entire claim against C. and asked that such claim be allowed as a set-off against the note.

*Held*, that such claim does not constitute a set off. When a partner sells his " interest in the concern," it must be presumed that he sells only his legal interest in the firm ; and it can not be assumed, in the absence of any stipulation to that effect, that such partner sold or intended to sell his indebtedness to the firm.

*Held*, also, that, when a party relies upon fraud as a ground for relief, facts showing the fraud must be alleged.

*Held*, also, that it will be assumed that C.'s indebtedness to the firm appeared upon its books, and that such books were open to the examination of the defendant, and his alleged ignorance of the existence of such indebtedness was the result of his own inexcusable negligence.

From the Marion Superior Court.

*H. Dailey* and *W. N. Pickerill*, for appellant.

HOWK, J.—This was a suit by the appellee, against

the appellant, on a promissory note, not payable in a bank in this State, executed by the appellant to the order of one Frederick Berner, and endorsed by him to the appellee.

The appellant answered in four paragraphs, of which the first was a general denial of the complaint, and in each of the other three paragraphs he set up substantially the same facts;—by way of set-off, in the second paragraph, and as a failure of the consideration of the note, in the third and fourth paragraphs of said answer.

To each of the second, third and fourth paragraphs of the answer, the appellee demurred upon the ground that it did not state facts sufficient to constitute a defence to his action; which demurrers were sustained by the court at special term, and to these rulings the appellant excepted.

The trial of the cause by the court at special term resulted in a finding and judgment for the appellee, in the full amount due on the note; and on appeal this judgment was affirmed by the court in general term.

In this court, the appellant has assigned, as error, the judgment of affirmance of the court below in general term; and this error brings before us the errors assigned by the appellant on his appeal to the general term. These latter errors were, that the court at special term, had erred in sustaining the appellee's demurrers to the second, third and fourth paragraphs of the appellant's answer. As before stated, each of these paragraphs stated substantially the same facts as the others, as constituting the appellant's defence to this action. We give the following summary of the facts stated and relied upon by the appellant, in the affirmative paragraphs of his answer, as constituting his defence to this action, from the brief of his counsel, on file in this court:

"Frederick Berner, Joseph K. English and Ewald Over,

the appellant, were partners in the machine and foundry business, at the city of Indianapolis. On the 17th day of October, 1873, English and Over bought out Berner's interest in the concern for $8,000, each arranging to pay one-half of the $8,000, or $4,000, which arrangement Berner accepted. The note upon which this action is founded is one that Over gave Berner in discharge of the $4,000 he had arranged to pay. The answer alleges that English kept the books of the concern, that Berner managed the details of the business, and that Over had nothing to do with it except to furnish one-third of the capital and share the profits and losses. The answer also alleges, that, when Berner retired from the firm, he was indebted to it in the sum of $295.25, on his own individual account, of which indebtedness Over, the appellant, was ignorant at the time he went into the arrangement to purchase Berner's interest; that Berner fraudulently concealed this debt from Over, and to cover it up, after he had retired from the firm, induced the book-keeper of the concern to enter up the sum of $295.25 to the individual stock account of each member of the old firm of Berner, English & Over. The answer further alleges, that, by reason of this concealment on the part of Berner and Over's ignorance of the $295.25 indebtedness, Over was induced to pay money and execute notes to Berner to the amount of $4,000; whereas, had he known the actual facts of the case, he would have required Berner to account to him for his share of the $295.25. The answer further informs the court, that Over subsequently bought out English, and thereby became the owner of the entire claim against Berner, and the note in suit being non-bankable, the answer asks that the $295.25 be allowed as a set-off against the note."

The question presented for decision, and discussed by the appellant's counsel in their brief of this cause, is stated by them in these terms:

" Was the alleged indebtedness of the partner, Berner, a proper subject of set-off, in Over's favor, in a suit against him on this note, or, rather, was the account a debt at all ? "

We have no brief in this court, from the appellee or his counsel, and we are therefore indebted to the brief of the appellant's attorneys for our only information in regard to the grounds of the decision of the court below.

On behalf of the appellant, it is conceded by his counsel, that the case of *Hasselman v. Douglass,* 52 Ind. 252, is in point on the question for decision, in the case now before us, and that it was held by the court below to be decisive of that question, against the appellant. We are asked to over-rule the case cited ; and our attention is specially directed to certain points of difference which, the appellant's counsel claim, exist between that case and the case at bar. The facts of the two cases are very similar. In the case cited, where a partner who was indebted to the firm, of which he was a member, sold his interest in the copartnership to a third person, taking the purchaser's notes for a part of the purchase-money, in an action on those notes by such part-ner against the purchaser, it was held by this court, that, in the absence of fraud or of a warranty as to the interest of such partner, his said sale did not transfer his said debt to the firm, as a part of its assets, to the said purchaser, and that such debt would not constitute either a set-off or counter-claim in favor of the purchaser, in such action on said notes.

It seems to us, that, upon the facts of the case cited, the conclusion reached by the majority of this court, as then constituted, was clearly right, and we must decline to over-rule it. The interest of a partner, in the partnership prop-erty of his firm, is his share of what may be left of such property after the payment of the debts of the firm, and after the deduction therefrom of his indebtedness, if any,

to his firm. For his copartners have a specific lien on his share of the assets of the partnership, to secure his indebtedness to the firm; and, in the ascertainment of his interest in the property of the firm, his indebtedness thereto must be taken into the account and settled out of his share. *Smith* v. *Evans*, 37 Ind. 526; *Donellan* v. *Hardy*, 57 Ind. 393.

When, therefore, as in this case, a partner makes a sale of his " interest in the concern," it must be presumed, we think, that he sells only his legal interest in the firm, and nothing more. It can not be assumed, in such case, in the absence of any stipulation to that effect, that such partner sold, or intended to sell, if he could, his own indebtedness to the firm, or any part thereof. But it was alleged by the appellant, that Berner fraudulently concealed his indebtedness to the firm, and that the appellant was ignorant of such indebtedness at the time of his purchase of Berner's interest. The appellant failed to allege what fraudulent acts were done by Berner, in the concealment of his debt to the firm. It is well settled by the decisions of this court, that, when a party relies upon fraud as a ground for relief, it is not enough for him to " characterize the transaction as fraudulent by the simple use of that word. It is the office of a pleading to allege facts, not legal conclusions." *Curry* v. *Keyser*, 30 Ind. 214. *Darnell* v. *Rowland*, 30 Ind. 342; *Ham* v. *Greve*, 34 Ind. 18; and *Joest* v. *Williams*, 42 Ind. 565.

The appellant did not claim that Berner kept the accounts of the firm. On the contrary, he alleged that English kept the books of the concern. He did not claim that Berner's indebtedness to the firm was not charged against him on the books of the firm; nor did the appellant allege that he did not have free access at all times to the firm's books. If the indebtedness of Berner to the firm appeared on its books, as we may assume that it did, in the absence

of any averment to the contrary, and if the firm's books were open at all times to the examination of the appellant, as we may assume they were, in the absence of an averment to the contrary, then it would seem that the appellant's alleged ignorance of the existence of Berner's indebtedness was the result of his own negligence, and inexcusable, and could not be pleaded by him as affording any ground of defence.

Upon the whole case we do not think that the court in general term committed any error in affirming the judgment of the special term.

The judgment is affirmed, at the appellant's costs.