No. 10,152.

## HAMILTON v. REYNOLDS, ADMINISTRATOR.

BANKRUPTCY.—*Discharge.*—A discharge in bankruptcy does not release the bankrupt from his indebtedness to the United States.

SAME.—*Principal and Surety.*—Where a surety upon a bond to the United States has, as such surety, paid money to the Government, and afterwards the principal has been adjudged a bankrupt and discharged as such, the fact that the claim of the Government, if unpaid, would not have been barred by the discharge, will not, of itself, entitle the surety to an action against the bankrupt to recover the money so paid.

SAME.—*Fraud.*—*Pleading.*—A reply to an answer of discharge in bankruptcy, which seeks to avoid the discharge, upon the ground that the debt sued on was created by the fraud of the bankrupt (R. S. U. S., sec. 5117), must aver the facts which constitute actual fraud involving intentional wrong.

From the Marion Circuit Court.

*H. Dailey* and *W. N. Pickerill*, for appellant.

*W. W. Herod* and *F. Winter*, for appellee.

BLACK, C.—The appellant filed his claim against the estate of Silas F. Reynolds, deceased, for a certain sum, with interest thereon from October 1st, 1875, "for and on account of money paid for the use and benefit of said Reynolds to the Government of the United States, and for money paid to the Government of the United States, as surety for said Reynolds."

The appellee, administrator of said estate, answered that said Silas F. Reynolds, upon his own petition, was adjudged a bankrupt by the District Court of the United States for the district of Indiana, on the 23d of April, 1878; that, on the 10th of May, 1879, he was by said court discharged from all debts provable against his estate under said bankruptcy, which existed at the former date, a copy of the discharge, in the prescribed form, being set out; and that the appellant's claim accrued prior to said date of adjudication, and was then a debt provable against said estate in bankruptcy.

The appellant replied in three paragraphs, the first of which was afterward withdrawn. Demurrers to the second and third paragraphs were sustained, and, the appellant refusing to plead further, judgment was rendered for the appellee.

Appellant has assigned as errors the rulings upon said demurrers, but only the question of the sufficiency of the third paragraph of the reply is argued. In that paragraph it was alleged that the claim sued on accrued as follows: Said Silas F. Reynolds was desirous of obtaining a license from the United States Government, under the revenue laws thereof, to manufacture cigars at the city of Indianapolis. To do so, it was necessary, under said revenue laws, for him to give bond that he would discharge all the duties required of him by said laws. Thereupon appellant became his bondsman to the United States Government, for the faithful performance of the duties required of him by said revenue laws, as a cigar manufacturer. The bond was accepted and approved by the officers of the United States Government authorized to do so. Said Silas F. Reynolds did not comply with the requirements of the laws of the United States as such cigar manufacturer, but in his business was found by the authorities under the laws of the United States to have defrauded the government out of the amount sought by the appellant to be proved against the estate of said decedent. By reason of such fraud by said Silas F. Reynolds, judgment was rendered in the United States Circuit Court against him and the appellant as his

bondsman, for the amount herein claimed, and appellant was compelled to pay and did pay off said judgment.

A discharge in bankruptcy does not release the bankrupt from his indebtedness to the United States. *United States* v. *Herron,* 20 Wal. 251; *Reed* v. *Emory,* 1 S. & R. 339. But where a surety upon a bond to the United States has, as such surety, paid money to the Government, and afterwards the principal has been adjudged a bankrupt and discharged as such, the fact that the claim of the Government, if unpaid, would not have been barred by the discharge, will not, of itself, entitle the surety to an action against the discharged bankrupt to recover the money so paid. *Reed* v. *Emory, supra; Kerr* v. *Hamilton,* 1 Cranch C. C. 546.

We do not understand the appellant as denying this proposition, but he bases his claim that the intestate was not discharged upon the provision of section 33 of the bankrupt law, being section 5117, R. S. U. S., that "No debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy." It is contended that the claim sued on was a debt created by the fraud of the bankrupt.

In *Jones' Ex'rs* v. *Clark,* 25 Grat. 642, cited by counsel for appellant, it was held that the word "fraud" in said section 33 applied to implied fraud as well as to actual fraud; but the Supreme Court of the United States, whose decisions should be regarded as the highest authority in such a matter, in reviewing the decision of the Virginia court, held, in *Neal* v. *Clark,* 95 U. S. 704, that "fraud" in that section meant positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, as does embezzlement, and not implied fraud, or fraud in law, which may exist without the imputation of bad faith or immorality.

So, in *Hennequin* v. *Clews,* 77 N. Y. 427 (33 Am. R. 641), it was held that "fraud," in said section 33, meant an active,

express fraud, not one implied from an unjustifiable or illegal act. To the same effect are *Shattuck* v. *Haworth*, 91 Pa. St. 449; *Rowe* v. *Guilleaume*, 18 Hun, 556.

In *Broadnax* v. *Bradford*, 50 Ala. 270, it was thought that intention to deceive was an essential element of the fraud contemplated by said section 33.

In view of the connection in which the word is used, and in consideration of the general purpose of the bankrupt law, we think that reason, as well as the weight of authority, requires that the word should be construed to mean actual fraud, involving intentional wrong. It being the office of a pleading to allege facts, and not legal conclusions, it is not enough for a party who relies upon fraud as a cause of action or as a defence, to say in pleading that there was fraud, or to characterize a transaction as fraudulent; he must state the facts supposed to constitute fraud. This rule of pleading has often been stated by this court. *Over* v. *Hetherington*, 66 Ind. 365; *Joest* v. *Williams*, 42 Ind. 565 (13 Am. R. 377); *Ham* v. *Greve*, 34 Ind. 18; *Darnell* v. *Rowland*, 30 Ind. 342; *Curry* v. *Keyser*, 30 Ind. 214.

Referring to the reply under discussion, it is observed that it is alleged that the intestate did not comply with the requirements of the laws of the United States as a cigar manufacturer, but what acts or omissions constituted his failure are not stated. There is no direct charge of fraud, even by the general use of that word. It is said that he was found by the authorities to have defrauded the Government out of a certain sum, and that by reason of such fraud judgment was rendered against him. The issue of fact involved in the judgment is not stated.

Unless it must be concluded, because a judgment was rendered against the intestate and the appellant, as his surety, upon the bond required of the intestate as a cigar manufacturer, and the judgment was paid by the appellant, that, therefore, the appellant's claim was for a debt created by fraud, it

can not be said that the reply showed that the debt was so created.

The bond of such a manufacturer must be conditioned as provided in section 3387, R. S. U. S. Besides many particular stipulations, it must be conditioned generally that he shall comply with all the requirements of law relating to the manufacture of cigars. We can not say that actual fraud, purposed wrong, must be established in every action on such a bond. It has been decided that where a judgment has been recovered for a debt created by fraud, and the record shows it to have been so created, the question whether the debt was so created is concluded by the judgment, and the discharge of the judgment defendant in bankruptcy will not release him from such debt. *In re Patterson,* 1 N. B. Reg. 307 ; *In re Whitehouse,* 4 N. B. Reg. 63 ; *In re Robinson,* 2 N. B. Reg. 108.

Whether, if the record do not show the debt to have been created by fraud, it may, as against the discharged bankrupt, be shown to have been so created, a question argued by counsel, need not here be decided. See, however, *Palmer* v. *Preston,* 45 Vt. 154 (12 Am. R. 191) ; *Warner* v. *Cronkhite,* 6 Biss. 453 ; *Shuman* v. *Strauss,* 52 N. Y. 404 ; *Bangs* v. *Watson,* 9 Gray, 211 ; *Commissioners* v. *Staley,* 82 N. C. 395.

Nor need we decide the question, also argued, whether, where a judgment has been rendered upon a bond against the principal and a surety, and the judgment has been paid by the surety, and afterward the principal has been adjudged a bankrupt and discharged as such, the fact that the debt for which the judgment was rendered was created by the fraud of the principal will prevent the discharge from operating as a release of the principal from the unpaid claim of the surety. In *Halliburton* v. *Carter,* 55 Mo. 435, and *Jones' Ex'rs* v. *Clark, supra,* the surety had not paid the debt, but it still existed in favor of the creditor against the principal and surety, at the date at which the principal was adjudged a bankrupt, and at the date of his discharge. But upon these questions we decide noth-

ing.   The reply does not properly present them.   It does not allege facts constituting actual fraud, or show that actual fraud was adjudged against the bankrupt in the suit upon the bond. The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at appellant's costs.