## PHŒNIX INSURANCE COMPANY OF BROOKLYN, NEW YORK, v. McATEE.

[No. 4,856. Filed April 29, 1904.]

INSURANCE.—*Foreign Companies.*—*Complaint.*—*Designation of State of Organization of Defendant.*—An objection to a complaint in an action on an insurance policy that the complaint should set forth the state under whose laws the defendant company was organized is not well taken, where in the title of the cause the defendant is named as the "Phœnix Insurance Company of Brooklyn, New York," and defendant designates itself by the same name in its policy. *p. 110.*

SAME.—*Award.*—*Complaint.*—A complaint is not objectionable on the ground that the action is on the policy and the complaint shows that the loss was settled by arbitrators, as provided in the policy, and an award made, where it is averred that the insured and insurer disagreed upon the amount of the loss and appraisers were appointed and an award made of an amount named and the policy and award both made exhibits to the complaint, the amount sought to be recovered being the amount fixed by the award. *p. 110.*

SAME.—*Answer.*—*False Statements.*—*Fraud.*—An answer in defense of an action on an insurance policy that plaintiff committed fraud in making certain "false statements contained in the plans and specifications sworn to by plaintiff" is insufficient where the specifications are not filed with the answer. *p. 110.*

SAME.—*Answer.*—*False Statements.*—*Fraud.*—*Pleading.*—An answer in defense of an action on an insurance policy averring that plaintiff swore falsely in the specifications furnished him, but which avers no facts showing fraud, is insufficient. *p. 111.*

SAME.—*Trial.*—*Evidence.*—*Ownership of Insured Building.*—No error was committed in permitting plaintiff, in the trial of an action on an insurance policy, to state that he was the owner of the insured building. *p. 111.*

SAME.—*Trial.*—*Evidence.*—Where no question of fraud was in issue in an action on an insurance policy evidence that plaintiff increased his insurance because he learned that he had a "firebug" as a tenant was properly refused. *pp. 111, 112.*

SAME.—*Evidence.*—*Value of Property.*—No error was committed in permitting plaintiff, in the trial of an action on an insurance policy, to testify as to the value of the fixtures insured at the time of the fire, and to show what fixtures he had in the building before it was consumed by fire, and their value. *p. 112.*

From Greene Circuit Court; *O. B. Harris,* Judge.

Action by Benjamin F. McAtee against the Phœnix Insurance Company of Brooklyn, New York. From a judgment for plaintiff, defendant appeals. *Affirmed.*

J. S. *Bays* and L. F. *Bays*, for appellant.

C. D. *Hunt*, for appellee.

Comstock, J.—The complaint upon which this cause was tried alleges that appellee was on the 26th day of October, 1901, the owner in fee simple of certain real estate in Farmersburg, Indiana, and a certain brick building situate thereon, together with fixtures for lighting, counters, shelving, and store furniture therein, and that he was the owner of all such property on the 22d day of November, 1901, at which time the same was wholly destroyed by fire; that on said last-named date appellant, in consideration of the sum of $15 paid by appellee to appellant, issued to appellee her policy of insurance, insuring the said property against loss and damage by fire in the sum of $1,500; that by the terms of said policy it was expressly provided that the loss, if any, should be made payable to the Ft. Harrison Savings Association of Terre Haute, Indiana, a corporation duly organized under the statutes of the State of Indiana, as the interest of said association might appear, as mortgagee, according to the terms and conditions of a mortgage clause attached to and made a part of said policy, in the interest of said building, savings, and loan association; that on the 24th day of November, 1901, plaintiff gave defendant due notice and proof of said fire and loss, and plaintiff further says that he has duly performed on his part all the conditions of said policy of insurance incumbent upon him by the terms thereof; that said defendant insurance company, in response to said notice, sent its duly authorized agent to said town of Farmersburg, which agent viewed and inspected said loss; that by the terms of said policy it was, among other things, provided that, in the event of a disagreement as to the amount of the loss, the same would be ascertained by two

competent, disinterested appraisers, the insured and said company each selecting one, and the two so chosen first should select a competent and disinterested umpire, and said appraisers should then estimate and appraise the loss according to the plans specified in said policy; that said plaintiff and defendant did disagree upon the amount of said loss, and, pursuant to said policy, on the 20th day of April, 1902, said plaintiff demanded the payment of said loss, and said plaintiff and defendant each, in accordance with the provisions of said policy, chose an appraiser, and said appraisers chose an umpire, and thereupon made an award of the amount of loss under said policy, and reported the same to plaintiff and defendant; that said award was fixed by said appraisers at the sum of $1,325 as the amount of loss upon said building; that said award of said appraisers was made in writing as provided in said policy, and duly signed and executed by the plaintiff and defendant; that said building was worth $2,000 and so destroyed by fire, and, on the 20th day of April, 1902, the plaintiff demanded of said defendant the payment of said insurance; that on the 17th day of October, 1902, the said defendant paid to the said Ft. Harrison Savings Association the full amount of its mortgage claim due under said policy, to wit, the sum of $514; and that the said Ft. Harrison Savings Association has no further interest in said policy. There remains due and wholly unpaid to plaintiff on this policy the sum of $986, with interest from the 22d day of November, 1901. A copy of said policy, with the said indorsement of said savings association thereon, is made a part of the complaint, and said award of said arbitrators is filed herewith as a part hereof and marked exhibit B. Wherefore, etc.

The defendant answered in five paragraphs. The first is a general denial. No question is raised upon the second and fourth. The third alleges that "it is one of the conditions of the policy in suit that in case of any fraud or

false swearing by the insured touching any matters relating to this insurance or the subject thereof, whether before or after a loss, this entire policy shall be void. And the defendant says that the plaintiff did so swear falsely, or did so commit fraud by falsely swearing that a part of the glass in the building destroyed was double strength plate glass, which sworn statement was wholly false and untrue. Said false swearing is contained in the plans and specifications sworn to by plaintiff, which is attached hereto and marked exhibit ——, said specifications touching any matter relating to this insurance or the subject thereof. Wherefore defendant claims that the entire policy in suit is wholly void and of no force and effect, and that said plaintiff should not recover thereon." The fifth paragraph is as follows: "That one of the conditions of the policy in suit is, 'this entire policy shall be void in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after loss.' And defendant avers that the insured—the plaintiff in this case—did so swear falsely in the specifications furnished by him under the conditions of the policy in suit, which specifications were sworn to by the plaintiff and which were touching matters relating to the insurance or subjects thereof; that said false swearing by the plaintiff was with the intention of defrauding the defendant, and to the injury of the defendant. Wherefore the defendant asks that the entire policy in the suit be declared wholly void."

The cause was put at issue, and, upon proper request, the court made a special finding of facts, stated conclusions of law, and rendered judgment thereon in favor of plaintiff for $827. The alleged errors were the overruling of appellant's demurrer to the amended complaint, sustaining the demurrer to the third and fifth paragraphs of appellant's answer, and overruling appellant's motion for a new trial.

Two objections are made to the complaint: First, that, the appellant being a foreign insurance company, the complaint should set forth the state under whose laws it was organized. Citing Ostrander, Fire Insurance (2d ed.), §380. In the title of the cause the defendant is named as the "Phœnix Insurance Company of Brooklyn, New York." In the policy appellant designates itself by the same name. Its title imports that it is a corporation. That it is a foreign corporation only appears from its name, and its domicile appears from the same allegation. If the allegation is essential, which we do not concede, it, in effect, appears.

The remaining objection to the complaint is that "the action is on the policy, when the complaint shows that the loss was settled by the arbitrators as provided in the policy, and an award made." The complaint avers that the insurer and the insured disagreed upon the amount of the loss, and that, in accordance with the terms of the policy, the appraisers were appointed and an, award made fixing the amount of loss upon the building at $1,325. The averments with reference to the issuing of the policy, the ownership of the property, its destruction by fire, and the disagreement as to the amount of the loss, were necessary averments leading up to the appointment of the appraisers. Both the policy and the award were made exhibits to the complaint, and the amount sought to be recovered is that fixed by the award. The demurrer to the complaint was properly overruled.

The third paragraph of answer avers that appellee committed fraud in making certain "false statements contained in the plans and specifications sworn to by plaintiff, which is attached hereto and marked exhibit —." But a copy of said specifications is not filed with the answer.

The fifth paragraph of answer also charges that appellee swore falsely in the specifications furnished by him, but

avers no facts showing fraud. Neither of these paragraphs stated a defense to the complaint. *Curry* v. *Keyser,* 30 Ind. 214.

The first four reasons for a new trial are that the decision and finding of the court are not sustained by sufficient evidence. The findings show that appellee had an insurance policy on his building issued by appellant company; that the building was destroyed by fire while the policy was in force, and while he was the owner thereof; that notice was given by appellee and received by the appellant, and, in response to said notice, appellant sent its agent who viewed the premises. (Whether he was the officer or agent named in the policy, or some other representative of the company, made no difference, since appellant, in response to said notice, sent its agent who viewed the premises.) Specifications were furnished by appellee as required by the policy, and subsequently appellant asked for an appraisement, and an appraisement was had as to the amount of the loss. There is evidence to support each finding.

It is claimed that the court erred in permitting appellee to state, while testifying in his own behalf, that he was the owner of the building in controversy. In this there was no error.

It is further urged that the court erred in refusing to permit the defendant to ask the plaintiff, upon cross-examination, the following question: "I will ask you furthermore if it is not a fact that you stated soon after Mr. French was occupying your premises at Farmersburg that you learned you had a firebug in there (meaning your storehouse), and that you guessed you would have to increase your insurance, and did increase it $500 afterwards?" It appears from the evidence that appellee's building at the time of the issuance of the policy was occupied by a tenant as a drug store. Under the issues there was no question of fraud or misrepresentation, and

the evidence was immaterial. It is also claimed that the court erred in permitting plaintiff to testify as to the value of the fixtures insured at the time of the fire, and to show what fixtures he had in the building before it was consumed by fire, and their value. We find no error.

Judgment affirmed.