## Corbin, Administratrix, *v.* Henry.

[No. 5,386. Filed June 20, 1905. Rehearing denied October 4, 1905.]

1. PARTNERSHIP.—*Accounting.*—*Dissolution.*—In an accounting between equal partners on dissolution of the partnership the rule is to collect the accounts due the firm, pay the debts, compel each partner to contribute an equal amount, charge each with his withdrawals and divide the assets equally. p. 187.

2. SAME.—*Sale of Partner's Interest in Tangible Property.*—*Settlement.*—The fact that a partner sells his interest, free from any encumbrance or indebtedness, in the tangible property of the partnership, retaining his interest in the amounts owing such partnership, his copartner consenting thereto, does not prevent the continuance of the old partnership relations and responsibilities in settling up the affairs of such old firm, though the outgoing partner retained no lien upon any of the property going into the new partnership. p. 187.

From Montgomery Circuit Court; *M. W. Bruner,* Judge *pro tem.*

Action by John W. Henry against Nellie M. Corbin as administratrix of the estate of John A. Corbin, deceased. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Claude Thompson,* for appellant.
*Coppage & Swank,* for appellee.

BLACK, J.—This was a claim against the estate of John A. Corbin, deceased, represented by the appellant. The appellee and the appellant's intestate had been for many years equal partners in the business of buying, sawing and selling timber and lumber. In contemplation of the dissolution of the partnership, account was taken, and the balance of each partner's individual account with the firm was ascertained, to which they mutually agreed. Immediately thereafter, in January, 1901, the appellee, by a contract in writing between him and Ingram D. Hill, sold and promised to deliver to the latter on or before March 1, 1901, "the following personal property, to wit: All of his (Henry's) undivided one-half interest in the Henry & Corbin sawmill, located, * * * including said Henry's undivided one-half interest in the lease of the ground upon which said mill is located, and all the buildings, machinery, supplies, horses, wagons, harness, fixtures and appliances connected with said mill, and also including said Henry's undivided one-half interest in the business of said firm and mill. And in consideration of the sale and delivery of said property by said Henry to said Hill as aforesaid, said Hill agrees to pay to said Henry, as the purchase price thereof, the sum of $4,500, as·follows. * * * It is agreed and understood, and this contract is made upon the express condition, that said Henry shall transfer and deliver said property to said Hill free and clear of all encumbrances and claims of every kind and description. And it is further agreed and understood that said Hill shall have no claim upon or interest in any debts, dues ·or demands owing to the firm of Henry & Corbin, and that said Hill shall not be liable for any of

the debts or liabilities of said firm of Henry & Corbin." At the same time the appellant's intestate, in writing, consented to "the above sale and transfer," and agreed to accept Hill as partner in the place of Henry; and Hill and the intestate, in writing, gave Henry and Henry & Corbin until January 1, 1902, to remove what lumber they might have on hand at the time of the delivery of Henry's "one-half interest of sawmill, * * * to I. D. Hill," without charge for ground rent. As shown by the accounts so taken and agreed upon, the partners, Henry and Corbin, had made advances to the firm in greatly unequal amounts, and, after deducting the amounts drawn out by them respectively, the amount to the credit of Henry greatly exceeded, in a certain sum, that to the credit of Corbin. Hill performed his contract and entered into partnership with Corbin, and this partnership continued until the death of the latter. After the making of the contract between Henry and Hill all the debts due to and from the firm of Henry & Corbin were paid and satisfied, and there remained in the hands of Henry a certain sum. If, taking into account the value of the mill property, the one-half of which was so sold to Hill, and all the amounts received by Henry and Corbin, respectively, from the firm, the amount so in the hands of the appellee after the payment of debts of the firm to others than the members thereof, such surplus ought to be divided between the appellee and the appellant in proportion to the amount of capital contributed by Henry and Corbin, respectively, as is claimed on behalf of the appellant, there would be an amount due from the appellee to the appellant; but holding the members of the firm of Henry & Corbin to their obligation to contribute equally to the firm, and charging them, respectively, with the amount of withdrawals made by them, and treating them as entitled to share equally in the assets of the dissolved solvent firm remaining after the collection of all debts due the firm and the payment of all indebtedness of the firm, the

appellant would be indebted to the appellee in the sum of $1,341.48, for which amount the court found and adjudged in favor of the claimant, the appellee.

We are unable to discover error in this result. Being unquestionably equal partners, each, as between him and the firm considered as a separate entity, being obligated

1. to contribute one-half of the actual capital and entitled to receive as common owner one-half of the profits, there could be no just and equal division of the ultimate assets after the dissolution without taking into account the unequal amounts contributed to the capital and the unequal amounts withdrawn, and so adjusting the account as to preserve the equality of rights and obligations of the partners, treating the mill property as having been divided between them at the time the undivided one-half thereof was sold by the appellee to Hill, and the other undivided one-half was retained by the intestate and put by him into the new partnership of Corbin & Hill.

After the sale of appellee's undivided one-half interest in the specific personal property to Hill without granting him any claim upon or interest in any debts, dues

2. or demands owing to the firm of Henry & Corbin, and without creating any liability for payment by him of any debts or liabilities of that firm, all with the consent of Corbin, who, retaining the other undivided one-half interest in the specific personal property, took it into the new firm of Corbin & Hill as the property of this partnership, the equality as partners still subsisted between Corbin and the appellee for the purposes of the settlement, theretofore contemplated and then entered upon, of the affairs of their partnership then dissolved. The partnership rights and obligations of the members of the old firm continued for the purpose of settlement of the affairs of the firm, though no lien was held by the appellee upon the specific personal property which thus went into the new partnership. See *Cody* v. *Cody* (1860), 31 Ga. 619; *Comstock* v.

*Buchanan* (1864), 57 Barb. 127; *Reece* v. *Hoyt* (1853), 4 Ind. 169; *Barkley* v. *Tapp* (1882), 87 Ind. 25; *Love* v. *Payne* (1880), 73 Ind. 80, 38 Am. Rep. 111; *Smith* v. *Hazelton* (1870), 34 Ind. 481; *Garnier* v. *Gebhard* (1870), 33 Ind. 225; *Over* v. *Hetherington* (1879), 66 Ind. 365; *Thompson* v. *Lowe* (1887), 111 Ind. 272.

Judgment affirmed.