### 273.   LEINKAUF v. WELLHOUSE.

A discharge in bankruptcy is a good defense to a suit brought by a plaintiff who, being surety on the defendant's bond as a trustee in bankruptcy in another bankruptcy estate, further became his surety upon notes at bank discounted to raise the money wherewith the defendant paid off a misappropriation of the funds of the bankrupt estate in his hands, and, as such surety on the notes, has had to pay them, by reason

of the defendant's failure so to do. The debt existing in the plaintiff's favor by reason of his having been compelled to pay the notes upon which he became surety at the bank is not "created by the bankrupt's fraud, embezzlement, misappropriation, or defalcation, while acting as an officer or in any fiduciary capacity," within the purview of the national bankruptcy act, § 17 (a).

Complaint, from city court of Atlanta—Judge Calhoun. August 21, 1906.

Argued April 8,—Decided April 25, 1907.

*Dorsey, Brewster, Howell & Heyman, Waller A. Sims, Francis L. Eyles,* for plaintiff. *Rosser & Brandon,* for defendant.

POWELL, J. Wellhouse was trustee in bankruptcy upon the estate of Frances Loeb, bankrupt; and Leinkauf was surety upon his bond as such trustee. Wellhouse became short in his accounts with the estate; and, to raise the money necessary to cover the shortage, he borrowed it from the Third National Bank of Atlanta, Leinkauf becoming his surety upon the notes discounted for that purpose. Wellhouse became insolvent, was adjudged bankrupt, and was discharged. Leinkauf, having been compelled to pay the notes at bank, brought suit against Wellhouse, who defended by pleading his discharge in bankruptcy. The trial judge heard the case upon an agreed statement of facts as above, and gave judgment for the defendant; and the plaintiff excepted.

Section 17 of the national bankruptcy act provides: "A discharge in bankruptcy shall release a bankrupt from all his provable debts except such as . . were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity." Since a trustee in bankruptcy is an officer, Wellhouse's original defalcation was, as viewed from the standpoint of those to whom the money in his hands was due, within the purview of this exception, and a discharge would not have protected him from that liability. Field *v.* Hawry, 132 Mich. 687. But this debt was paid off and discharged. It is true that it was in effect paid off by the plaintiff, his surety, who finally had to pay to the bank the notes through which the money was raised; and the plaintiff therefore contends that, under the Civil Code, § 2995 (which provides that "A surety who has paid the debt of his principal is subrogated, both at law and in equity, to all the rights of his creditor, and, in a controversy with other creditors, ranks in dignity the same as the creditor whose claim he paid"),

he ought to be protected against the discharge, to the same extent as those against whom the original defalcation existed would have been.

The courts, from earliest times, have uniformly declined to extend the exception thus far. In Reed v. Emory, 1 Serg. & Rawle (Penn.), 339, Reed was surety upon Emory's bond to the United States. A discharge in bankruptcy is not pleadable against a demand of the government. There is also a Federal statute providing that if the principal in any such bond to the United States be insolvent, and the surety in such bond shall pay to the United States the money due thereon, such surety shall have and enjoy "the like advantage, priority, and preference, for the recovery and receipt of the said money out of the effects of such insolvent principal," as are reserved and secured to the United States. Emory defaulted with the government. Reed paid the money due, and sued Emory, who defended with a discharge in bankruptcy. The court there held that the surety is merely entitled to his preference out of the estate of the bankrupt, and that the discharge is a bar. to his further suit, although it would not be as against the government under the same circumstances. A similar decision was rendered in Hamilton v. Reynolds, 88 Ind. 191. See also Hennequin v. Clews, 111 U. S. 676, and cases cited. Wellhouse ought to pay this debt; every principle of friendship and honesty would require it; but the courts have no power to compel it.

*Judgment affirmed.*