Dewey, J.
Debt by the administrators of Peter Livingood against Christopher Livingood'on a single bill, dated November the 1st, 1833, for the payment to the intestate of ¡$200 in six years and nine months. The suit was commenced in October, 1840. The defendant pleaded, 1st, Payment, with a set-off which consisted of an account amounting to $260 the particulars being stated; 2d, That the plaintiffs were not administrators. To the first plea the plaintiffs replied, that the cause of set-off “did not accrue within five years next *286 before the 1st day of November, 1833.” The defendant demurred generally to the replication, and the Court overruled the demurrer.' An issue of fact was formed upon the replication to the second plea, upon which there was a trial, finding, and judgment for the plaintiffs.
The only question presented for our consideration, is as to 'the sufficiency of the replication of the statute of limitations to the plea of payment and set-off.
There is a proviso to the statute of limitations, which exempts from the operation of that act so much of any matter pleaded as payment or set-off, as shall equal the amount of the plaintiff’s demand; R. S., 1838, p. 447; and by a subsequent law it is enacted, “ that a replication of the statute of limitations to any such plea of set-off, shall only operate to prevent a recovery by the defendant or defendants of any excess of the amount of such plea, over and above what the plaintiff or plaintiffs may be entitled to in said action.” R. S., 1838, p. 462. These two provisions’ are substantially the same. It is the object of both to prevent the statute of limitations from operating upon so much of the. set-off as shall equal the plaintiff’s demand; the excess, if any, is barred; *and it is immaterial though the matter of set-off, had it been prosecuted by suit, would have been barred at the date of the cause of action against which it is pleaded. Neither of the statutes referred to prescribes any change in the form of a replication of the statute of. limitations to a plea of set-off; and perhaps none is necessary. But the better practice would be, to adapt the replication to the provisions of the statutes, and confine it to so much of the set-off as is necessary to meet the adverse claim, leaving the excess to be answered in some other manner.
In the cause before us, the set-off exceeds in amount the demand claimed in the declaration, and the replication is to the whole plea. But it is not necessary for us to consider whether it is bad for that reason, because it is materially defective for another cause. It states, that the cause of set-off did not accrue within five years next before the 1st day of *287 November, 1833, which is the date of the instrument on which the action is founded. Now the plaintiffs’ right of action did not accrue, noi was the suit commenced, until near seven years after that period. The subject-matter of the plea might have originated in the interim. The replication is therefore no answer to the plea; and the demurrer should have been sustained.
G. W. Ewing, P. Brachenridge, and P. Sweetser, for the plaintiff.
C. Fletcher, 0. Butler, and 8. Yandes, for the defendants.
A bill of exceptions states, that, on the trial of the issue of fact, the plaintiffs were suffered to give in evidence a printed paper “ in the words and figures following,” without proof of its genuineness, and against the objection of the defendant; but the paper is not spread upon the record. No question can be raised by .such a bill of exceptions; it is a mere blank.
Per Ouriam.—The judgment is reversed with costs. Cause remanded, &c.