*R. A. Chandler*, for the appellants.

*J. R. M. Bryant*, for the appellees.

------

## Fox *v.* Barker.

A set-off is good, to the extent of the sum sued for, though a suit upon it would have been barred by the statute of limitations, at the date of the cause of action against which it is pleaded.

May Term,
1860.

Fox
v.
BARKER.

Tuesday,
June 5.

APPEAL from the *Hendricks* Circuit Court.

WORDEN, J.—Action by the appellant against the appellee upon a promissory note made in the year 1857 by the defendant to one *Cox*, and by the latter indorsed to the plaintiff.

The defendant set up by way of defense, an offset for work and labor performed by the defendant for the plaintiff, in the years 1849, 1850, and 1851. The set-off was allowed, leaving a small balance in favor of the plaintiff, for which he had judgment.

The only question raised in the case is, whether the set-off should have been allowed. The appellant claims that it was barred by the statute of limitations, and could not be made available as a defense.

The statute provides that "a party to an action may plead or reply a set-off or payment to the amount of any cause of action or defense, notwithstanding such set-off or payment is barred by the statute." 2 R. S. p. 77, § 214.

The counsel for the appellant insists that this provision should be construed to embrace only such matters of set-off as accrued subsequently to the cause of action, and not such as accrued prior thereto, as in the case at bar. He argues thus:

"Taking the section in question in its literal signification, no man can find a reason for it. Apply it to a set-off that accrued after the cause of action, and it is reasonable and just. If *A.* holds a note on *B.* which would not be barred for twenty years, and *A.* afterwards makes an account with *B.* which would be barred in six years, it is just and right that *B.'s* account should not be barred, for really it would be a payment on the note. Thus far there is a reason for the section referred to, but further there is none; and when the reason of a law ceases, the law itself ought to cease with it."

Whatever force there may be in this view of the question when addressed to the law-making power, we think it cannot prevail with the Courts in the construction of the statute. Its terms are broad and unequivocal, and do not admit of the limited construction contended for. It em-

braces matters of set-off which accrued before, as well as those which accrued after, the cause of action. This construction is fully sustained by the case of *Livingood* v. *Livingood*, 6 Blackf. 268. Indeed, the construction contended for by the appellant would require that case to be overruled. The question there arose upon similar statutory provisions. The suit was commenced in 1840, upon a bill dated *November* 1, 1833. A set-off was pleaded. Replication that the cause of set-off did not accrue within five years next before the first day of *November*, 1833. Demurrer to the replication. The Court, after citing the statutory provisions, say: " It is the object of both to prevent the statute of limitations from operating upon so much of the set-off as shall equal the plaintiff's demand; the excess, if any, is barred; and it is immaterial though the matter of set-off, had it been prosecuted by suit, would have been barred at the date of the cause of action against which it is pleaded."

This case holds not only that a set-off may be pleaded which accrued before the cause of action, although barred at the time the suit is brought, but that such set-off may be pleaded, although barred by the statute at the time the cause of action accrued.

We are of opinion that no error was committed in admitting evidence of the set-off, and allowing it, and, therefore, that the judgment should be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*P. S. Kennedy*, for the appellant.

*L. M. Campbell*, for the appellee.