No. 7625.

## ARMSTRONG ET AL. *v.* CAESAR.

STATUTE OF LIMITATIONS. — *Account.* — *Set-Off.* —*Payment.*—*Pleading.*— A plea of payment or set-off is not subject to the statute of limitations.

From the Lawrence Circuit Court.

*N. Crooke, G. W. Friedley* and *G. Putnam*, for appellants.

*F. Wilson* and *M. T. Dunn*, for appellee.

WOODS, J.—Suit on an account. The appellant Felix answered, claiming a set-off of an account against the appellee, which had been assigned to said appellant by Ari Armstrong, who was made a party to answer as to his interest. Reply, general denial, and six years' statute of limitations.

The court gave the following instruction:

"5. So, in this case, you will determine how much, if any, of defendant's claim accrued within six years prior to September 22d, 1877, when it was set up in this case as a set-off. That is, you may go back six years from the time the account was offered as a set-off here, and any item that the defendant has established to your satisfaction within this six years, he is entitled to a finding for," etc.

This is palpably erroneous. By section 214 of the code, "A party to any action may plead or reply a set-off or payment to the amount of any cause of action or defence, notwithstanding such set-off or payment is barred by the statute." We can not declare the rule more plainly or more authoritatively.

Judgment reversed, with costs.