No. 8454.

## COLEMAN *v.* COLEMAN ET AL.

PARTNERSHIP.—*Unsuccessful Attempt to Incorporate.*—An association, which does business under an unsuccessful attempt to incorporate, is a partnership, composed not only of the directors, but of the subscribers to the articles.

SAME.—*Partnership Indebtedness Purchased by Partner.*—*Payment.*—The purchase of partnership liabilities by a member of the firm, under ordinary circumstances, operates as a payment, and gives him no right against his co-partners, except to demand an accounting and contribution according to his outlay, and lawful interest.

SAME.—Under some circumstances, when it can be done without prejudice to creditors of the partnership, a member of the firm, who has purchased its obligations, may keep them alive in order to obtain the benefit of securities incident thereto, but not for an amount greater than his outlay in making the purchase, and lawful interest.

SAME.—*Pleading.*—The complaint of a partner, suing his co-partners for contribution for his outlay in buying or paying the firm debts, should state the amount of the outlay.

From the Morgan Circuit Court.

*J. H. Jordan, W. M. Franklin, J. V. Mitchell* and *F. P. A. Phelps,* for appellant.

*W. R. Harrison* and *W. E. McCord,* for appellees.

WOODS, J.—The original plaintiff in the action was James S. Coleman, but the appellant, Jesse O. Coleman, having purchased the alleged cause·of action during the pendency of the suit, was substituted as plaintiff.

The complaint consisted of four paragraphs, but the gist of them all is, that the defendants and others undertook to organize a manufacturing company by the name of "The Morgantown Manufacturing Company," of which the defendants became and acted as the directors, but that, by reason of a failure to execute and file a duplicate of the articles of association in the office of the Secretary of State, there was a failure to incorporate; that the defendants, holding themselves out as directors of a duly incorporated company under the name aforesaid, entered upon and for a time conducted the proposed

business, incurring to certain named individuals indebtedness in various sums, of which a schedule is given, and of which some were accounts and some evidenced by the promissory notes of the association, which notes and accounts, it is alleged, have been assigned for value to the plaintiff, and are due and unpaid. It is further alleged, that, by certain wrongful acts of the defendants, the company had been made insolvent.

The defendants answered by a general denial, and it was agreed that all matters of proper defence, counter-claim and reply might be proved as if specially pleaded, except that the defendants waived all objections or exceptions on account of the assignors of the claims sued on not being made defend-- ants to answer to their interest.

At the request of the plaintiff, the court found the facts specially, and as a conclusion of law found for the defendants, to which the plaintiff excepted, and has assigned the ruling as error.

The court found the facts as stated in the synopsis which we have given of the complaint, except that the defendants were exonerated from the charge of wrongful conduct, whereby the company was made insolvent, and found further that the original plaintiff, James S. Coleman, was one of the subscribers to the articles of association, had taken an active part in promoting the scheme of incorporation, had continued to be a member of the company to the end, and, while a member, had purchased of the holders and payees thereof, some of whom were also members of the company, the notes and accounts mentioned in the complaint, paying " for the notes $———, and for the accounts $———," and during the pendency of the suit had sold the same to the appellant for $1,500 ; that on the ——— day of———, the franchise of said company had been, by the judgment of the court, declared forfeited, and a receiver appointed to take charge of its assets, and that the receiver so appointed was in possession of the property and assets of the concern.

The substance of the argument made in behalf of the appellant is this:

" The appellees were the directors of an assumed corporation that had no legal existence. * * * These directors, or agents, had no principal in existence. It was their duty to see and know that there was a principal; one that would be liable for the debts that they contracted; if not, they acted at their peril, and thus became liable as individuals."

Field on Corporations, sections 178, 179, and other authorities are cited.

The appellees, on the other hand, insist that the appellant has no better rights than his assignor, who was a member and promoter of the alleged corporation, and, therefore, estopped to deny its existence, or to question the acts of the appellees, who were agents of his own appointment; and, further, that the rights of the plaintiff's assignor were no greater than those of *his* assignors, who, having dealt with the association as a corporate body, were estopped to deny its corporate existence.

Waiving all consideration of the doctrine of estoppel contended for, and conceding that there was no corporate body, for which the appellees were authorized to act, it is still not strictly true that the appellees were agents without a principal. If the company was not a corporate body, then it was a partnership, composed not merely of the directors, but of all the subscribers to the articles of the association, who had not withdrawn, including the original plaintiff. If, therefore, the directors, by their dealings, made themselves personally liable, the original plaintiff and other members were jointly bound with them in the same liability. When, therefore, the said plaintiff bought in the outstanding notes or accounts of the firm, it was a purchase of his own indebtedness, amounting to payment, and giving him no right of action against the directors as such, but only a demand against his co-partners for an accounting and a repayment to him of their contributive shares of his outlay. What his outlay was, his complaint does not show and the finding of the court does not state, unless the

blanks left in the finding as to the amounts paid for the claims mean that nothing at all was paid.

That the sale and transfer of an obligation of a partnership to one of the members operates as a payment, under ordinary circumstances, results necessarily from the relation of the purchaser to his co-partners, and from the fact of his being himself a principal debtor.

Under supposable circumstances, it may be that in equity the partner, who had taken assignments of the obligations of the firm to himself, would be permitted to keep them alive and enforce them against his co-partners for their contributive share of the sums which he had paid for the assignment. This might be done for the purpose of giving him the benefit of securities incident to the debts, when necessary to the doing of justice between the partners, if it could be done without injury to any creditor of the firm, but it is manifest, upon the plainest principles of equity and fair dealing, that a member of a business firm can not be permitted to make a profit for himself by purchasing the obligations of the firm at a discount, or by keeping them alive at interest; and if permitted, under any circumstances, to enforce the obligations so purchased, it can only be for the amount paid by him in taking them up, and lawful interest thereon if contribution by his co-partners shall have been unreasonably delayed.

It is not quite clear upon what theory the appellant sought to base his complaint in this instance. What sums he paid for the notes and accounts specified in his complaint, is not alleged, and no copy of any of the notes, nor itemized statement of any of the accounts, is set out and made a part of any of the paragraphs, as is required to be done when it is designed to predicate the action upon a note or an account.

But, waiving any question as to the sufficiency of the complaint, it is enough to say that, upon the facts as found, the conclusion and judgment of the circuit court were clearly right.

Judgment affirmed, with costs.