No. 9766.

## CROSSLEY v. TAYLOR ET AL., ADM'RS.

| 83 | 337 |
| 133 | 33 |

PARTNERSHIP.—*Contribution.*—*Final Settlement.*—*Condition Precedent.*—One partner who has paid a partnership debt can not sue his co-partner for contribution without showing that the partnership affairs have been fully settled. The right depends upon the state of accounts then existing.

SAME.—*Transactions not Severable.*—An action will not lie to recover upon one or more of a series of partnership transactions before final adjustment. A partnership·business is not a broken and disjointed collection of distinct and separate affairs.

SAME.—*Individual Business.*—A partner is not prevented from suing a co-partner upon matters distinct from the business of the partnership; nor can he claim contribution in a venture shown to have been upon his individual risk.

From the Madison Circuit Court.

*C. L. Henry* and *W. S. Diven*, for appellant.

ELLIOTT, J.—The first paragraph of the appellees' complaint alleges that on the 3d day of January, 1878, the appellant and Joseph O. Hardy jointly executed their note to Theodore Hileman, administrator, for $400; that the note was executed for wheat purchased and received, "jointly and in partnership," and that each of the makers was bound to pay the one-half thereof; that Hardy paid all of the said note, and afterwards assigned his claim to appellees' intestate.

The appellant correctly contends that this paragraph is bad, for the reason that it shows that he and Hardy were partners, and does not show any settlement of the partnership affairs. One partner, who pays a partnership debt, can not sue his co-partner for contribution without showing that the partnership affairs have been fully settled. It may be true that a partner has paid all of a specific partnership liability and yet be indebted to his associate. The right to compel contribution depends upon the state of the accounts between the parties upon an adjustment of all partnership affairs. *Page* v. *Thompson*,

33 Ind. 137; *Hasselman* v. *Douglass*, 52 Ind. 252; *Over* v. *Hetherington*, 66 Ind. 365; *Course* v. *Prince*, 12 Am. Dec. 649, authorities in note.

The second paragraph of the complaint is very vague and uncertain, but we are inclined to hold, although with much hesitation, that it is sufficient. We regard it as charging that the appellant agreed to sell sixty hogs if the assignor of appellees' intestate would advance the money to buy them, share with him the profits, if any, and, at all events, repay the money advanced; that said assignor did advance the money ($500), and that the appellant did receive and sell the hogs and receive $600 for them, and pay said assignor part of the money by him advanced, and, although the matter was finally settled and closed, did fail and refuse to repay him $275 of the sum advanced to pay for the hogs.

On the trial of the cause the appellant offered to prove that the transactions mentioned in both paragraphs were two of a series of many transactions which he and the assignor of appellees' intestate had conducted as partners; that their partnership affairs had never been adjusted or settled; that there were unpaid firm liabilities, and that an adjustment was necessary in order to ascertain the rights of the respective parties. We think the court erred in excluding this evidence. While it is true that, under the code in force when this action was tried, an ordinary civil action might have been maintained to compel an accounting and settlement, and a trial had as in any other civil action, it is also true that an action will not lie to recover upon one of a series of partnership transactions where the partnership business is open and unsettled. The reason of this rule is, that, until all the affairs of the partnership are adjusted, there can be no adjudication of the right of the parties as to one only of an entire series of transactions. In order to determine the rights of the partners as to one of many partnership transactions, it is necessary to know their rights as to all, for the partnership business is a continuous thing, not a broken and disjointed collection of distinct and separate

affairs. Parsons Part. 268. Of course this rule does not prevent one partner from suing another upon matters distinct from the business of the partnership. *Lawrence* v. *Clark,* 9 Dana, 257.

Appellants also offered to prove that the wheat, for which the note described in the complaint was executed, was bought by the partnership for partnership purposes; that Hardy, appellees' assignor, sold the wheat and received the money for it, and kept the money received by him. If it were true that Hardy had appropriated the money received from the sale of the wheat, he certainly could have no right to call upon appellant for contribution, for if he alone received the benefit from the note which he paid, it would preclude him from asking a court of equity to compel contribution.

Judgment reversed.