No. 8946.

WARRING v. HILL.

PARTNERSHIP.—*Dissolution.* —*Contract.*—Where, on dissolution of a partnership, all matters between the partners are settled, one of them agreeing to pay an outstanding note of the firm, which he fails to do, and the other is compelled by suit to pay it, the latter may recover the amount from the former.

SAME.—*Agreement.*—Partners may sue each other for breach of an express agreement made between them, *e. g.*, as where, upon a consideration, one fails to pay a partnership debt which he had agreed to pay, and the other is compelled to pay it.

CONTRIBUTION.—One of two joint debtors, who is compelled to pay the whole debt, may maintain a suit against the other for contribution.

STATUTE OF LIMITATIONS.—*Set-Off.*—A set-off is not barred by the statute of limitations, though the full time had elapsed when the plaintiff's cause of action accrued. R. S. 1881, section 367.

JUDGMENT.—*Service of Process.*—*Presumption.*—*Jurisdiction.*—The presumption that there was service of process, which attaches to the silent record of a judgment of a court of general superior jurisdiction, is rebuttable, and when rebutted by evidence the judgment is avoided.

COUNTER-CLAIM.— *Process.*—A defendant seeking relief against a co-defendant should file a counter-claim, and bring the co-defendant in by service of process unless he appears.

VOL. 89.—32

CONTRACT.— *Voluntary Services.*—For voluntary services, without an express promise to pay, or circumstances from which the law implies a promise, there can be no recovery.

PROMISSORY NOTE.—*Payable in Bank.*—*Payment.*—*Presumption.*—A promissory note given and received as payment discharges a debt; nor is there any legal presumption that a note so given was not payable in bank.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan,* for appellant.

*G. W. Friedley* and *H. H. Friedley,* for appellee.

ELLIOTT, J.—The first paragraph of the appellee's complaint alleges that the parties to this action were partners; that as such they executed their promissory note to one John Lucas; that the money derived from the note went into the business of the partnership; that afterwards the partnership was dissolved by mutual agreement, and that, in the language of the complaint, "they, as such partners, had a full settlement of all partnership business between themselves, including said note given to said Lucas, at which time the plaintiff paid to the defendant his full share of said partnership indebtedness evidenced by said note;" that Lucas afterwards obtained a judgment thereon which appellee was compelled to pay.

Where one partner pays his full share of the partnership indebtedness to his co-partner, and is afterwards compelled to pay a claim of one of the creditors, he has a right of action against the co-partner. The partner who receives money or property with which to pay all partnership debts becomes bound to discharge them, and if he fails, and thus compels his partner to pay the debt, the latter has a complete right of action. One who receives value from another, in consideration of the payment by him of a debt for which they are jointly liable, is impliedly bound for the payment of the debt. It is not a voluntary payment for one jointly liable with another to pay a judgment rendered against them for the debt for which they are so liable. A creditor may enforce his claim against both debtors, and is in no wise affected by an agreement to which he was not a party, and from this it fol-

lows that appellee simply paid a debt from which he could not escape.

The second paragraph is the same as the first, except that it avers an express promise to pay the note executed to Lucas, and is unquestionably good. The third paragraph charges that the parties became liable as joint makers on the note executed to Lucas, and that appellee was compelled to pay the whole debt. We have no doubt of the sufficiency of this paragraph. One of two joint makers, who is compelled to discharge the entire joint debt, may compel contribution from the other.

It is undoubtedly the general rule that one partner can not sue another upon a claim growing out of the partnership business, but that the action must be for an accounting, or for the balance found due upon an adjustment of the partnership affairs. *Crossley* v. *Taylor*, 83 Ind. 337; *Meredith* v. *Ewing*, 85 Ind. 410. But there are exceptions to this general rule. *Lawrence* v. *Clark*, 9 Dana, 257 (35 Am. Dec. 133); *Snyder* v. *Baber*, 74 Ind. 47. Where separate and distinct liabilities are created by the express agreement of the parties, the general rule does not apply. *Foster* v. *Allanson*, 2 T. R. 479; *Wright* v. *Hunter*, 1 East, 20. In illustration of this principle may be cited the case of *Neil* v. *Greenleaf*, 26 Ohio St. 567, where it was held that an action may be maintained by one partner against another who had taken certain portions of the partnership property and agreed to pay a designated debt of the partnership, and had failed to do so. The case of *Wells* v. *Carpenter*, 65 Ill. 447, also supplies an illustration. It was there held that on a sale by one partner to another, and a promise by the latter to pay back the amount invested by the former, an action would lie without showing an accounting. For other examples of the application of the principle stated we refer to *Wright* v. *Eastman*, 44 Maine, 220; *Bartley* v. *Williams*, 66 Pa. St. 329; *Warbritton* v. *Cameron*, 10 Ind. 302. The logical deduction from the propositions stated is, that an action may be maintained upon the express promise of one partner to pay

a partnership debt where a valuable consideration moves to the promisor. Tested by this rule the fourth instruction given by the court was right.

Where there is an express promise to pay a designated partnership debt, an action on that promise may, no doubt, be defended on the ground that the promisor was compelled to pay more than his share of partnership liabilities. This, however, is matter of defence, and the plaintiff in such an action is not bound to anticipate defences, but does all that is required of him when he shows a valid promise and its breach.

A set-off is not barred by the statute of limitations. Under our law there is no bar, although the full statutory period had elapsed at the time the debt sued on accrued. *Fox* v. *Barker*, 14 Ind. 309; *Livingood* v. *Livingood*, 6 Blackf. 268; *Armstrong* v. *Caesar*, 72 Ind. 280. It was, therefore, not an error of which appellant can complain for the court to instruct the jury that "a set-off is never barred unless barred at the time the debt it is pleaded against arose or accrued to the holder," although one of which appellee might justly complain.

The general rule is that where the record of an action in a court of general superior jurisdiction is silent, the presumption is that process was issued and served. Where, however, it is made to appear, as it was in this case, that there was, in truth, no service of process, the judgment may be avoided.

A party brought into court upon a complaint on a promissory note signed by himself and another, as partners, is in court only as to the cause of action set forth in the complaint. If his co-defendant desires to secure a judgment against him, there must be a cross complaint and service of process, unless, indeed, there is a voluntary appearance.

It is an elementary rule that no one can be held to pay for services or property unless there is an express or implied promise. One can not voluntarily render services for another and afterwards compel payment. There must be a request, and either an express agreement to pay or circumstances from which a promise can be implied.

It is settled law that a promissory note executed as payment and accepted as payment discharges an existing debt as fully as if paid in money. This rule is explicitly stated in the eighth instruction, and it was not necessary for the court to repeat it.

There is no general presumption that a note executed in payment of a debt was not payable in bank. Whether a note was or was not payable in bank, is a question to be decided by the facts of the particular case, and can not be disposed of upon any general legal presumption, for there is in such a case no presumption one way or the other.

Judgment affirmed.