Thompson v. Lowe.

Filed June 21, 1887.

No. 12,570.

THOMPSON v. LOWE.

PARTNERSHIP.—*Adjustment of Partnership Accounts.—When One Partner May Maintain Action.*—As a general rule, no action can be maintained by one partner against the other respecting particular items of account pertaining to the partnership business until the accounts of the partnership are finally adjusted, or until the affairs of the firm are so far settled as that nothing remains except to ascertain the final state of the account between the partners.

SAME.—*Sale of Partner's Interest.—Promissory Note.—Set-Off.*—Where one partner transfers his interest in the assets, including the books and accounts of the partnership, to a continuing member of the firm, or to another, and receives in payment for such interest the note of the purchaser, the maker of the note can not set off an account apparently due the firm from the member whose interest was transferred.

SAME.—A sale by a partner of his interest in the assets of a firm does not, in the absence of a special agreement to that effect, imply that the purchaser becomes entitled to collect from the seller what may appear to be due from him on the firm books.

SAME.—The effect of such a sale is to transfer to the purchaser whatever interest the seller has in the assets of the partnership after the payment of all the partnership liabilities, and, in the absence of anything to show to the contrary, it will be presumed that the account of the retiring member was adjusted in ascertaining the value of his interest, and

that the value was increased or diminished in proportion as he was found the debtor or creditor of the firm.

SAME.—*Promissory Note Executed by Firm to Member.*—A note governed by the law merchant, payable by a firm to one of its own members, may be enforced against the firm, if endorsed to an innocent holder before maturity, regardless of the state of the account of the member to whom it was made payable. But such note in the hands of one who stands in the place of the original payee can not be made the basis of an action at law against the firm, or the remaining partners, it being nothing more than an acknowledgment that the partner named therein had paid into the firm either in property or money the amount specified in the note.

PRACTICE.—*Appeal.*—*Reversible Error.*—*Overruling Demurrer to Bad Answer.* —The overruling of a demurrer to a bad answer is a reversible error, even though there be other good answers under which the same evidence is admissible.

From the Shelby Circuit Court.

*T. B. Adams, L. T. Michener, B. F. Love, A. Major* and *H. C. Morrison,* for appellant.

*J. S. Scobey, E. K. Adams* and *L. J. Hackney,* for appellee.

MITCHELL, J.—This suit was to recover the amount of a promissory note, bearing date May 11th, 1874, calling for eight hundred dollars, and interest, executed by W. W. Lowe & Co., and payable to O. M. Thompson. At the time the note was executed the firm of W. W. Lowe & Co. was composed of William W. Lowe, Oliver M. Thompson and Daniel M. Lovett. The payee of the note was one of the partners. After the execution of the note, Lovett transferred his interest in the partnership assets to Lowe & Thompson, the latter assuming all the partnership debts. Subsequently, Lowe & Thompson dissolved partnership, Lowe agreeing to take all the books and accounts of the firm, and to assume and pay all the partnership debts. Thompson was to receive certain property in lieu of his interest. Thompson assigned the note in suit to the plaintiff, Alfred Thompson.

The complaint sets out the foregoing, among other facts, and alleges that the note, which is payable at a bank in this State, was assigned by endorsement to the plaintiff before

maturity, and that Lowe, by reason of his agreement to pay all the partnership debts, is primarily liable for the payment of the note.

In his seventh paragraph of answer, Lowe set up that the note sued on was assigned to the plaintiff after maturity, and that prior to the execution and assignment of the note, Thompson, the payee, was indebted to the firm of W. W. Lowe & Co. to the amount of fourteen hundred dollars, for the balance due for his share of the capital of the firm, which amount, it was alleged, remained due and unpaid. The answer alleged further, that Thompson had become indebted to the firm of Lowe & Thompson to the amount of eight hundred and ninety-eight dollars, for money paid by the firm to one King, on account of a debt due the latter from Thompson. These several sums, it is alleged, remained due and unpaid to the several firms at the time the latter transferred his interest in the partnership property and books and accounts to Lowe. It is averred that Lowe became the owner of these debts, owing by Thompson, by the transfer of the books and accounts by the latter to the former under the terms of the articles of dissolution.

This answer is assailed on the ground that it does not appear therefrom that the partnership affairs had been settled up and adjusted. The argument is, that the indebtedness of Thompson can not be set off against the note in suit, until it does so appear.

It is undoubtedly true as a general rule, that until the accounts of the partners are finally adjusted, or until the affairs of the firm are so far settled as that nothing remains except to ascertain the final state of the account between the partners, no action can be maintained by one partner against the other in respect to particular items of account pertaining to the partnership business. Courts will not ordinarily entertain matters relating to partnership accounts between partners, until by its judgment or decree a final adjustment of the partnership business can be effected. *Lang* v. *Oppen-*

*heim,* 96 Ind. 47; *Warring* v. *Hill,* 89 Ind. 497; *Meredith* v. *Ewing,* 85 Ind. 410; *Coleman* v. *Coleman,* 78 Ind. 344; *Crossley* v. *Taylor,* 83 Ind. 337; *Page* v. *Thompson,* 33 Ind. 137; *Briggs* v. *Daugherty,* 48 Ind. 247.

It may be taken as settled, too, that where one partner transfers his interest in the assets, including the books and accounts of the partnership, to a continuing member of the firm, or to another, and receives in payment for such interest the note of the purchaser, the maker of the note can not set off an account apparently due the firm from the member whose interest was transferred. A sale by a partner of his interest in the assets of a firm, does not, in the absence of a special agreement to that effect, imply that the purchaser becomes entitled to collect from the seller what may appear to be due from him on the firm books. *Over* v. *Hetherington,* 66 Ind. 365; *Hasselman* v. *Douglass,* 52 Ind. 252. The effect of such a sale is, to transfer to the purchaser whatever interest the seller has in the assets of the partnership after the payment of all the partnership liabilities. In the absence of anything to show the contrary, it will be presumed that the account of the retiring member was adjusted in ascertaining the value of his interest, and that the value was increased or diminished in proportion as he was found the debtor or creditor of the firm. Where the purchaser agrees to pay the partnership liabilities, and also to pay the retiring partner a specified sum for his interest, the presumption will be, until the contrary appears, that the debts were ascertained, and that the sum agreed to be paid was the value of the retiring partner's interest, and that this included the adjustment of his own account with the firm, whether by such account he appeared to be debtor or creditor. *Roberts* v. *Ripley,* 14 Conn. 543.

The feature of this case, which distinguishes it from the cases cited, and from those which fall within the general rule, is that the note sued on was executed by the firm of W. W. Lowe & Co. to one of its own members. The complaint avers that the note was endorsed to the plaintiff before ma-

turity. The answer under consideration, however, alleges that the transfer and endorsement of the note were not made until long after it had matured. This being conceded by the demurrer, it follows that any defence which would have been available as against the payee, is equally available against the plaintiff. A note governed by the law merchant, payable by a firm to one of its own members, may be enforced against the firm if endorsed to an innocent holder before it is dishonored. *Union Nat'l Bank* v. *Bank of Commerce*, 94 Ill. 271; *Kipp* v. *McChesney*, 66 Ill. 460; *Davis* v. *Briggs*, 39 Maine, 304; *Roberts* v. *Ripley*, 14 Conn. 543; *Walker* v. *Wait*, 50 Vt. 668; *Beacannon* v. *Liebe*, 11 Or. 443; *Pitcher* v. *Barrows*, 17 Pick. 361; *Thayer* v. *Buffum*, 11 Met. 398.

A note so issued and endorsed will be deemed to be a debt or liability of the firm, and will be enforceable in the hands of a *bona fide* holder and owner, regardless of the state of the account of the member to whom it was made payable.

Such a note, however, in the hands of one who stands in the shoes of the original payee, can not be made the basis of an action at law against the firm or the remaining partners. As was said by SHAW, C. J., in *Stoddard* v. *Wood*, 9 Gray, 90, "The difficulty of maintaining an action by a partnership against one partner is not merely a matter of parties, arising out of the difficulty of bringing suit; it lies much deeper. A promise by a partner to the partnership is a promise to pay himself with other persons; and it can not be said that anything is due until the whole is settled, until all the assets are collected, and all debts paid. Until then, it can not be known whether there is any balance due; still less, what that balance is."

The case cited is in no respect different in principle from that under consideration. In that case one partner had given his note to the firm as evidence of sums of money drawn out by him. Afterwards he sold and assigned his interest in the assets of the firm, including notes, accounts and other rights and credits. It was held that the assignment did not include

the note given by himself, that not being a debt due the partnership on which an action would lie, but, in effect, a mere certificate that the maker owed the firm so much money. The application of the principle which ruled in the case cited to the facts before us, leads to the conclusion that the agreement of Lowe to pay the partnership debts, did not include the note given by the firm to one of the partners, unless that note was then held by one in favor of whom it was enforceable against the firm.

As between the partners, the note was in effect nothing more than an acknowledgment that the partner named therein had paid into the firm, either in property or money, the amount specified in the note. The giving of the note in the name of the firm, did not isolate the transaction to which it related so as to take it out of the dealings or accounts of the firm. The transaction pertained to the partnership account, to be adjusted with other matters relating to the firm business in all respects as if no note had been given. The payee could have maintained no suit at law upon the note. *Davis* v. *Merrill*, 51 Mich. 480; *Tipton* v. *Nance*, 4 Ala. 194; *Couilliard* v. *Eaton*, 139 Mass. 105; *Decreet* v. *Burt*, 7 Cush. 551; *Houston* v. *Brown*, 23 Ark. 333.

Since the payee could not have maintained a suit at law upon the note, neither can his assignee who stands on no better ground. Section 5503, R. S. 1881; *Green* v. *Louthain*, 49 Ind. 139; *Learned* v. *Ayres*, 41 Mich. 677; *Hill* v. *McPherson*, 15 Mo. 204.

The controversy seems to involve but a single question, and that is, whether or not the note was assigned before maturity to an innocent holder for value. If it was so endorsed, the matters pleaded as a set-off are not available. If it was not, no action at law can be maintained upon the note.

The answer under consideration proceeds upon the theory that the note was endorsed after maturity, and that hence certain matters of account apparently due from Thompson to the firm of Lowe & Thompson were available as a set-off.

Upon the theory that the matters pleaded were a proper set-off, the answer is not well pleaded. If the note had been of a character to be enforceable against the firm, and hence one of the liabilities included in the agreement of Lowe, the items of account of Thompson were not subject to be set off against it. If the note was not assigned until after it was dishonored, the facts showing how it was given having been stated in the complaint, it was only necessary to answer that it was so assigned in order to defeat the plaintiff's right to maintain the action.

The answer alleged that the note was not assigned until after maturity. If it had been pleaded upon the theory of making that defence, it would have been a sufficient answer. The judgment must, however, be reversed.

There were other answers to which demurrers were overruled, which proceeded upon the theory that certain other items of account due from Thompson to the firm of Lowe & Thompson were proper matters of set-off. These answers did not allege that the note in suit was transferred after maturity. They were, therefore, clearly insufficient upon any theory. The overruling of a demurrer to a bad answer is reversible error, even though there be other good answers under which the same evidence is admissible. *Epperson* v. *Hostetter*, 95 Ind. 583, 587; *Over* v. *Shannon*, 75 Ind. 352; *Sims* v. *City of Frankfort*, 79 Ind. 446; *Abdil* v. *Abdil*, 33 Ind. 460.

As has already been seen, when Lowe purchased the interest of Thompson in the firm of Lowe & Thompson, and agreed to pay the firm debts, and transferred to Thompson certain property in lieu of his interest in the firm, it must be presumed, until the contrary appears, that all matters relating to the state of the latter's partnership account, both in respect to any indebtedness of his to the firm and to any liability of the firm to him, were adjusted in fixing the value of his interest. The note in Thompson's hands, or in the hands of any one who took it after maturity, constituted nothing more than a matter pertaining to the

partnership account. The account, including the note, must be deemed to have been so far adjusted as that, except in some equitable proceeding looking to a readjustment of the whole partnership account upon some sufficient ground, the note can not now form the basis of an action at law, unless it be in the hands of an innocent holder. If it is so held, the state of the partnership account can not be made a matter of defence.

What has preceded renders it unnecessary that we should consider other questions discussed.

The judgment is reversed, with costs, with directions to the court below to sustain the demurrers to the amended sixth, and to the seventh, eighth and ninth paragraphs of answer and to give leave to the parties to reform the issues, and for further proceedings not inconsistent with this opinion.

Filed June 16, 1887.