FRANK A. CUTTING *vs.* JEREMIAH DAIGNEAU & others.

Suffolk. November 12, 1889. — March 3, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Partnership — Promissory Note.*

A firm gave a promissory note upon a good consideration to one of its members, and, subsequently becoming insolvent, was dissolved by agreement. The firm creditors were not paid in full, there was no settlement of the partnership concerns, and there was no surplus above debts to be divided among its members. Thereupon the payee indorsed the note to a third person, merely to enable him to sue for the joint benefit of both. *Held*, that the firm was liable neither to the payee nor to his indorsee.

CONTRACT upon a promissory note for eight thousand dollars, dated August 15, 1883, signed J. Daigneau and Company, payable four months after date to the order of Charles Church, and by him indorsed to the plaintiff. At the trial in the Superior Court, without a jury, before *Blodgett*, J., the following facts were found or appeared in evidence.

The note was executed and indorsed to the plaintiff in Canada, the laws of which as applicable to the facts were presumed to be the same as those of this Commonwealth. The defendants resided in Canada, and constituted a copartnership doing business under the firm name of J. Daigneau and Company, which firm

gave the note for a good consideration to the payee, who was a member of the firm and one of the defendants.  The partnership subsequently became insolvent, and was then dissolved by an agreement between the partners.  An assignee of the partners took possession of the firm property, and had paid out of the proceeds to the creditors about eighty per cent of their claims, and was still engaged in settling the affairs of the partnership. The note in question was never presented to such assignee, either by the payee or by the plaintiff, and nothing was ever paid thereon.  On April 15, 1885, the payee indorsed the note to the plaintiff, and received from him an agreement in writing, by which the plaintiff agreed to hold the payee harmless thereon, and to give him one half of what he might realize thereon from the firm above expenses.  As between the partners there had never been any accounting or settlement of the firm affairs.

The judge ruled, as matter of law, that the action could not be maintained, and found for the defendants; and the plaintiff alleged exceptions.

*F. Joy*, for the plaintiff.

*H. G. Nichols & A. E. Denison*, for the defendants.

C. ALLEN, J.  The note in suit was given by a partnership to one of its members, who indorsed the same to the plaintiff.  It is plain that an action at law could not be maintained upon the note by the original payee.  In the first place, such action would be defeated by the formal objection that the payee was also one of the promisors, and that he could not bring an action against himself.  This formal objection is removed by the indorsement of the note to a third person.. *Pitcher* v. *Barrows*, 17 Pick. 361. *Thayer* v. *Buffum*, 11 Met. 398.  *Temple* v. *Seaver*, 11 Cush. 314.  But there is also an objection of substance.  As was declared in *Stoddard* v. *Wood*, 9 Gray, 90, "The difficulty of maintaining an action by a partnership against one partner is not merely a matter of parties, arising out of the difficulty of bringing suit; it lies much deeper.  A promise by a partner to the partnership is a promise to pay himself with other persons; and it cannot be said that anything is due until the whole is settled, until all the assets are collected, and all debts paid.  Until then, it cannot be known whether there is any balance due ; still less, what that balance is."  The same principle applies where the

promise is by the partnership to one of its members. 'The note in suit would be evidence of one item of indebtedness of the firm to the individual member, but ordinarily such a note is not to be treated as a promise, to be adjusted separately from the other partnership affairs. *Thompson* v. *Hale*, 6 Pick. 259, 261. Other items must be taken into account ; for example, what each partner has contributed to or drawn from the partnership assets. The partnership may be indebted to its other members in amounts equal to or greater than that shown by the note in question. All that any particular partner is in law entitled to take from the partnership assets is his share of the surplus remaining after all the partnership debts have been paid ; and a claim in his favor against his firm cannot ordinarily be enforced at law until it has been ascertained that there is such a surplus, and that he is entitled to a share of it upon a fair accounting between himself and his partners. Story, Part. § 221. *Duff* v. *Maguire*, 99 Mass. 300. *Couilliard* v. *Eaton*, 139 Mass. 105, 109. And ordinarily it makes no difference in this respect that the claim is represented by a promissory note, unless for some reason the holder of such note is entitled to stand better than the partner to whom it was orginally payable. *Stoddard* v. *Wood*, 9 Gray, 90. *Thompson* v. *Hale*, 6 Pick. 259. *Portland Bank* v. *Hyde*, 11 Maine, 196, 199. *Simrall* v. *O'Bannons*, 7 B. Mon. (Ky.) 608. *Thompson* v. *Lowe*, 111 Ind. 272.

In the present case, there had been no settlement of the partnership concerns, the firm had failed, the partnership creditors had not been paid in full, and there was no surplus to divide among the members of the firm. The original payee of the note was therefore entitled to nothing. The plaintiff stands no better than the original payee. There was no *bona fide* indorsement for value to the plaintiff, but the indorsement was merely in order to enable him to sue, for the joint benefit of the payee and of himself. The merely technical difficulty alone was removed. In all other respects, the case stands upon the rights of the original payee, which are nothing as against his partners.

*Exceptions overruled.*