Filed Sept. 14, 1892.

---

No. 637.

## HUFFMAN v. WYRICK.

CONTRACT.—*Implied Agreement to Pay Board.—Member of Family.*—Where a party went to live in her brother-in-law's family, and was received and entertained there, not as a member of his family, but as a boarder, and the board was furnished with the hope of compensation upon the one hand and the expectation to award it upon the other, a liability was created for the payment of such board. It is only when board is furnished or services are performed from motives of duty or affection or some other motive than the hope and expectation of pecuniary reward that the law will recognize no obligation to pay in the absence of an express agreement.

DECEDENTS' ESTATES.—*Claim of Heir.—Set-Off.*—Although section 2310, R. S. 1881, as amended by Acts 1883, p. 153–4, provides that all claims not filed thirty days before the final settlement of an estate shall be barred, except in certain cases, nevertheless under section 352, R. S. 1881, which provides that when " cross-demands have existed between persons under such circumstances that one could be pleaded as a counter-claim or set-off to an action brought upon the other, neither can be deprived of the benefit thereof by the death or assignment of the other, and the two demands must be deemed compensated as far as they equal each other" a claim not falling within any of the exceptions of section 2310, as amended, may, even after the settlement of the estate, be pleaded as a set-off against a debt held by the heir of a deceased person, although a separate action could not be maintained upon it.

From the Steuben Circuit Court.

*W. G. Croxton, F. Powers* and *H. G. Zimmerman,* for appellant.

*J. A. Woodhull* and *W. M Brown,* for appellee.

CRUMPACKER, J.—Huffman sued Wyrick on two promissory notes, executed by the latter to one Flora B. Vancleve. It is alleged in the complaint that the plaintiff and the payee of said notes intermarried, and she subsequently died intestate, without issue, leaving the plaintiff as her only heir at law; that her estate was duly administered in the Steuben Circuit Court, and upon final settlement the administrator, pursuant to an order of said court, assigned and transferred the notes to the plaintiff as part of the assets of the estate.

An answer was filed consisting of three paragraphs, the first of which was the general denial, the second a plea of payment, and the third was a set-off, alleging that the payee of the notes, at the time of her death, was indebted to the defendant in a sum greater than the amount of the notes for board and lodging furnished by him to her at her request; that said indebtedness was due and unpaid. A bill of particulars was filed with the answer.

The cause was put at issue and tried by the court. At the request of the plaintiff the facts were found specially, and the conclusions of law stated separately. The defendant was awarded judgment for costs, and the plaintiff appeals. All of the questions discussed by appellant's counsel arise upon the exceptions to the conclusions of law. Briefly stated the finding of facts is as follows: The notes sued upon were given to the decedent by the appellee for borrowed money, one before her marriage and the other after, and at the time of the trial they amounted to the sum of $180.38, including attorney's fees; that the decedent was a sister to appellee's wife, and she boarded with appellee for 252 weeks between the years 1882 and 1887; that her board during that period was worth two dollars a week, and had never been paid for; that she was a minor during the first year she so boarded with appellee, and had an estate of several hundred dollars, which was in the hands of her mother,

who was her guardian; that she either attended school, taught school, or clerked in a store during all of the time she boarded with appellee, except for two weeks, when she performed housework for him; that there was no express contract that she should pay for her board; no account was kept upon either side, no settlement ever had, nor was any demand ever made for payment by appellee during the lifetime of the decedent, but he occasionally borrowed small sums of money from her, which he repaid, except the sums represented by the notes sued upon; that appellee was possessed of but little property and had a small income, and he intended to charge decedent for her board, and she expected and intended to pay him therefor; that she did not live in his household as a member of his family.

It was further found that decedent died intestate and without issue in November, 1888, and appellant was her only heir at law; that her estate was duly administered by the Steuben Circuit Court, and was finally settled in March, 1891, when the notes in controversy were assigned and transferred to appellant as part of the assets of the estate; that he received no property from decedent except what he received from the settlement of her estate; that appellee was a resident of Steuben county, but filed no claim against the estate of said decedent for her board, and never demanded payment therefor from the administrator; that there was due appellee from decedent at the time of her death, upon the account set out in the third paragraph of answer, the sum of $378, which has never been paid.

As a matter of law the court concluded that appellee was entitled to his claim for board to the extent necessary to liquidate the notes, but was not entitled to judgment for the overplus.

Appellant first insists that there having been no express agreement upon the part of the decedent to pay for

her board, her relationship with appellee was such that the law would imply none, and the court erred in allowing the set-off. It is true that between members of a common family, in the absence of an express agreement to pay for board and shelter upon the one hand and for services upon the other, no agreement will be created by implication of law, except where the circumstances clearly indicate that it was the intention upon the one side to charge and upon the other to pay for such board or services. In this case the evidence is not in the record, and it must be presumed that it fully authorized the findings of the court. It appears that the decedent performed no service for appellee in compensation for her board. She had her whole time, which she employed for herself, and she expected and intended to pay for her board, and appellee intended to charge her therefor. She went to the appellee's home, and was received and entertained there, not as a member of his family, but as a boarder, and upon well settled principles a promise upon her part would be created by operation of law to pay for her board. The board was furnished with the hope of compensation upon the one hand, and the expectation to award it upon the other. Where one receives board and shelter from another under such circumstances that according to ordinary business intercourse he who furnishes it may reasonably expect compensation for it, the law will create a liability therefor. It is only where board is furnished or services are performed from motives of duty or affection or some motive other than the hope and expectation of pecuniary reward that the law will recognize no obligation, in the absence of an express agreement. *James v. Gillen*, 3 Ind. App. 472.

The element of kinship in the case was important only as bearing upon the question whether the decedent lived in appellee's family as a member thereof, and the court having found that she did not so live, that element must

be entirely eliminated. The conclusion that the decedent was liable for the payment of her board was coerced by the facts found.

It is next insisted that appellee's claim was barred by the settlement of the decedent's estate, and it can not now be collected or asserted as a set-off against his notes. Section 2310, R. S. 1881, as amended by the legislature in 1883 (Acts 1883, pp. 153–4), provides that all claims not filed thirty days before the final settlement of an estate shall be barred except in certain cases. The claim in this case does not fall within any of the exceptions, and if appellee were seeking judgment upon it against appellant as the heir of the decedent, there is no doubt that it would be barred. *Roberts* v. *Spencer,* 112 Ind. 81. But here it is being asserted as a set-off against a debt held by appellant as the heir of the decedent, and a different rule obtains. A set-off is not barred by the general statute of limitations to the extent of the sum sued for, and may be asserted as a defence, though a separate action could not be maintained upon it. *Warring* v. *Hill,* 89 Ind. 497; *Armstrong* v. *Cæsar,* 72 Ind. 280; *Fox* v. *Barker,* 14 Ind. 309.

Section 352, R. S. 1881, provides that where " cross-demands have existed between persons, under such circumstances that one could be pleaded as a counter-claim or set-off to an action brought upon the other, neither can be deprived of the benefit thereof by the assignment or death of the other, and the two demands must be deemed compensated, as far as they equal each other." This statute gives the right to the holder of any such claim to treat it as having liquidated an equal amount of the other claim upon the death of the holder of the latter. No one would question the right of the appellee, if he had actually paid the notes to the decedent during her lifetime, to plead such payment in this action; and the statute above quoted gave him the right to treat the notes

as paid by his claim, upon the death of the decedent. We think there is no question about his right to plead and prove such constructive payment after the settlement of the estate.   He was not entitled to judgment for the excess of his claim, and the court did not give him such judgment.   It is an irregular method of settling estates to distribute notes and choses in action unless they are uncollectible, as the law contemplates that the administrator will reduce to cash assets all available claims, and this would afford an opportunity to a debtor to bring in any set-off he might have during the settlement of the estate, and if he failed to do so his claim would be barred by the settlement.

But where a debtor has had no opportunity to assert a claim in his favor as a set-off against a debt due from him to an estate pending the administration of such estate, he may do so after the settlement, against a distributee.

There is no error.

Judgment affirmed.

Filed Sept 14, 1892.