Douthit *et al. v.* Douthit.

Filed November 29, 1892.

No. 15,805.

## DOUTHIT ET AL. *v.* DOUTHIT.

ASSIGNMENT OF ERRORS.—*Joinder of Appellants in a Single Assignment.*—*Unavailable Unless Good as to All.*—When several appellants join in a single assignment of error, although there are separate specifications of error, the assignment must be good as to all who join in it or it will not be available to any of them.

SPECIAL FINDING.—*Part of Record Proper.*—*Issues.*—*Formation of.*—*Harmless Error.*—*Ultimate Conclusion Correct.*—A special finding is a part of the record proper, and where it affirmatively shows that no substantial injury was done an appellant, there can be no reversal for errors committed in the formation of issues, and, when the record proper shows that the ultimate conclusion is right, intermediate errors will be disregarded.

SAME.—*Facts Not Contained In.*—*Presumption as to.*—Facts not contained in a special finding are, as against the party having the burden of proof, presumed not to have been proved.

PARTNERSHIP.—*Right of Partner to Sue a Copartner.*—*Limitation of Rule.*— While it is a rule of law that one partner can not sue another to recover profits, or to recover his share of the assets, where the partnership is unsettled, yet where there is an agreement adjusting partnership affairs, which awards to one partner a specific sum, or creates a specific duty in his favor, he may maintain an action upon a breach of such duty or promise. One partner may also sue for an accounting and for a recovery of whatever may be due upon a settlement of the partnership affairs.

SAME.—*Agreement of Partner to Pay a Specified Debt or Sum.*—*Liability.*—*Demand.*—Where one partner, upon dissolution, unconditionally agrees to pay a designated sum or a specified debt, he is absolutely bound, and a demand is not required to fix his liability.

SAME.—*Wrongful Collection and Conversion of Money.*—*Right to Sue for.*—*Demand.*—If a partner collects money which he agreed should be collected by his copartner as his individual property, and after collection converts it to his own use, the partner to whom the money belonged may maintain an action for its recovery without a prior demand.

SAME.—*Defendant Estopped to Deny Plaintiff's Right to Sue.*—Where a partner sued his copartner, and wrongfully obtained a judgment against him for the conversion of partnership money, and the latter commences a suit to cancel said judgment and recover what is justly due him, the former will be estopped from denying that such action can be maintained.

FRAUD.—*Representations and Promises by Attorney and Client to Adverse Party.* —*Violation of.*—Where parties and counsel prevent an appearance and defense by representations and promises, they are guilty of fraud if, in violation of the promises and contrary to the representations, they take a default in a case where they know there is a defense.

SUPREME COURT.—*Correctness of Final Decree.*—*When Will Not Be Considered.*—This court will not consider the correctness of a final decree in the trial court, unless a motion was made below to modify such decree and proper exception taken.

From the Shelby Circuit Court.

*J. B. McFadden, J. T. Carter* and *J. H. Phillippy*, for appellants.

*T. B. Adams, I. Carter* and *A. F. Wray*, for appellee.

ELLIOTT, J.—There is a single assignment of errors comprising several specifications, in which all of the appellants join. The rule is that, although there are separate specifications of error, the assignment must be good as to all who join in it, or it will not be available to any of the appellants. This is the well-settled rule. See authorities cited in Elliott's Appellate Procedure, §§318, 401, 299, notes. Under this familiar rule we can not consider the rulings upon the demurrers to the complaint, since it undoubtedly states a cause of action against some of the appellants, and shows that the appellee is, at least, entitled to part of the relief demanded. The only specification in the assignment of errors which presents questions available to all of the appellants is the one which is founded on the exceptions to the conclusions of law stated upon

the facts specially found by the court. Even if we should depart from the rule forbidding the consideration of errors where they are jointly assigned by several parties, and the assignment is not good as to all, we can not reverse if it be true that it appears from the special finding that the errors on rulings upon the pleadings, if there were errors, were harmless. The special finding is part of the record proper, and where it affirmatively shows that no substantial injury was done an appellant there can be no reversal for errors committed in the formation of issues; for where the record proper shows that the ultimate conclusion is right, intermediate errors will be disregarded. See authorities cited in Elliott's Appellate Procedure, §§590, 591, 635. In the case before us the principal questions argued by counsel in their attack upon the rulings on demurrer arise on the special findings, so that we have given careful study to appellants' arguments upon all the material questions.

The special finding and conclusions of law read as follows:

*First.* "The court finds that on the 4th day of July, 1887, the plaintiff, James L. Douthit, and Alonzo Douthit, entered into a partnership for the purpose of threshing wheat and other grain; that, by the terms of the partnership, they were to be equal partners, sharing equally in the loss and profits, each owning an equal interest in the property used in the business; that James S. Douthit assumed and agreed to pay the one-half of the indebtedness on the engine, which was the sum of $260.00, and one-half of the indebtedness on the separator, which was $100.00, as the consideration for his interest in said property and business then purchased from said Alonzo.

*Second.* "That said parties engaged in said business, and continued therein till the 1st day of August, 1887, at which time they dissolved said partnership by mutual agreement, by the terms of which Alonzo Douthit was to

keep all the partnership property, and pay all the outstand-
ing indebtedness on said property.

*Third.* "The court finds that, while said parties were
so engaged in said partnership business, William Leslie
became indebted to them, for threshing, in the sum of
$3.48; David Unil, in the sum of $6.70; Thomas Goble,
in the sum of $5.60; Fred. Schepple, in the sum of $20.00;
Edward Melis, in the sum of $4.20; William Kinsley, in
the sum of $20.00; Lot Barger, in the sum of $17.12;
James M. Bassett, in the sum of $50.32; James S. Douthit,
in the sum of $34.12; making a total of $163.64.

*Fourth.* "That during the time they were engaged in
threshing, viz., on the 8th day of July, 1887, James M.
Bassett obtained a judgment, before Isaiah C. Owens, a
justice of the peace, for the sum of $92.80 against the de-
fendants, Alonzo Douthit and one George Baker, upon
which execution had been issued; that said judgment
was on the debt of Alonzo Douthit; that thereupon it
was agreed between plaintiffs and said defendant, Alonzo
Douthit, that the plaintiff should collect said several items
of indebtedness and apply them in payment of said judg-
ment and the residue on the liabilities of the firm under
said agreement.

*Fifth.* "That said Alonzo Douthit, in the year 1887, col-
lected debts due the firm, of other parties than those above
named, the sum of $58.60; that it was agreed, at the
time said money was advanced from the firm in payment
of said judgment against said Alonzo, that the plaintiff
should be *indemnified* for his interest out of other moneys
due the firm, but that the defendant, Alonzo Douthit,
collected said sum of $58.60 and appropriated the whole
thereof to his own use, except $9.50, which he paid to one
"Patterson," on a firm account; and that, for the pur-
pose of cheating and defrauding the plaintiff, said Alonzo
entered into agreement with his co-defendant, James B.
McFadden, to sue the plaintiff for the items collected by

the plaintiff and paid out as herein-before found; that the defendant, McFadden, with a knowledge of all the facts, brought a suit against the plaintiff, in the Shelby Circuit Court, for Alonzo Douthit, for the identical items herein-before set out; that said Alonzo and McFadden knew that the plaintiff intended to defend against said suit, but said defendants advised and informed the plaintiff that he need not appear to said action, but that they would let the matter pass on *until* the plaintiff and the defendant *could* meet and have an accounting and adjustment between themselves as to all of said partnership matters; that the plaintiff relied upon said advice and promises, and had no means of knowing, and did not know, that the same were not made in good faith.

*Sixth.* "The court further finds that on the next judicial day of said Circuit Court the defendant, McFadden, viz.: on the 17th day of October, 1887, took a default against the plaintiff; and, afterwards, on the 29th day of October, 1887, in said court, took a judgment on said default against the plaintiff for $98.20, on a part of said items of account so collected and paid out by the plaintiff.

*Seventh.* "That, in furtherance of said fraudulent purpose to cheat the plaintiff, the said Alonzo, on the 12th day of November, 1887, assigned said judgment to said McFadden on the order book of said court; that said McFadden took said assignment with full knowledge that the sum for which it had been taken had been collected by said James S. Douthit from the partnership assets and by him expended upon the individual liabilities of said Alonzo.

*Eighth.* "That the said Alonzo is wholly and notoriously insolvent, and has no other means with which said partnership liabilities, or any part thereof, to the plaintiff can be paid.

*Ninth.* "That in pursuance of said conspiracy said de-

fendants, on the — day of —, 1888, caused an execution to be issued by the clerk of the Shelby Circuit Court to the defendant, Henry Meer, the sheriff of said county, and said sheriff heretofore, to wit: on the — day of —, 1888, levied said execution on the property of the plaintiff, and advertised it for sale; that said sheriff was proceeding to sell said property to satisfy said execution, and would have done so if he had not been enjoined and restrained from so doing.

*Tenth.* "That all the debts and partnership matters have been fully *settled* and debts collected and all the matters of said partnership closed up, except the accounting and settlement of the *individual* matters between the plaintiff and said defendant Alonzo, and a small sum due one Claver, viz.: $14.00; that all of the items as between them are still open, unsettled and unadjusted.

*Eleventh.* "I further find that in addition to the amount herein-before mentioned that said firm, at the time of its dissolution, was, and at this time is, indebted to the plaintiff for other expenditures by him made for the benefit of the firm, in the sum of $36.50, making a total sum of $181.05 paid out by the plaintiff for the benefit of the firm, and $92.80 of which, at the request of the defendant, Alonzo Douthit, was paid out of the firm assets for his individual benefit; that plaintiff should be indemnified out of the firm assets for such payment.

*Twelfth.* "I further find that there *ought to be an accounting* between said partners as to all the partnership matters, including said judgment taken in the Circuit Court for said sum of $98.20, and that so much of the amount paid out by the plaintiff, as hereinbefore found as equals the amount of said judgment, ought to be set off against the same.

*Thirteenth.* "I further find that the total amount of the partnership assets collected by the plaintiff and defend-

ant Alonzo was $221.94; that each of the partners was and is entitled to the one-half of said amount.

*Fourteenth.* "I find that the total amount of partnership indebtedness paid by plaintiff and the defendant Alonzo was $97.75, which indebtedness should have been paid equally by said partners.

*Fifteenth.* I find that of the indebtedness of the firm the defendant Alonzo paid $9.50, and the plaintiff paid $88.25.

*Sixteenth.* "I find that defendant Alonzo received the partnership assets, including the Bassett judgment, that was paid out of the partnership funds, the sum of $150.45, and the plaintiff received of the partnership assets, after deducting the amount paid per Alonzo on said judgment, $70.54.

*Seventeenth.* "I find that there is due the plaintiff from the defendant Alonzo on the amount collected of the partnership assets, after canceling the judgment for $98.20 recovered in the Circuit Court by Alonzo against plaintiff and assigned to McFadden, the sum of $40.43; that there is also due the plaintiff from the defendant Alonzo for an excess of money paid out on partnership liabilities that said Alonzo was liable for, the sum of $39.37, making in all an amount due the plaintiff from the defendant Alonzo of the sum of $79.80; that said Alonzo is entitled to a credit of $7.00, being the one-half of the item of *partnership liabilities* to said Clover, making a total balance due plaintiff from said defendant Alonzo in the sum of $72.80.

"Upon the facts so found, the court concludes the law to be that said defendant should be *enjoined* from enforcing said execution and judgment; that said judgment should be deemed *cancelled* and satisfied; that the plaintiff, in addition to said sum included in said judgment, is entitled to recover of and from said Alonzo Douthit the sum of $72.80."

One of the positions taken by the counsel of the appellants is that there can be no recovery because it does not appear that there had ever been an accounting between the members of the partnership. In support of this position we are referred to the cases of *Thompson* v. *Lowe*, 111 Ind. 272; *Lang* v. *Oppenheim*, 96 Ind. 47; *Warring* v. *Hill,* 89 Ind. 497; *Meredith* v. *Ewing*, 85 Ind. 410; *Coleman* v. *Coleman,* 78 Ind. 344; *Crossley* v. *Taylor*, 83 Ind. 337; *Page* v. *Thompson*, 33 Ind. 137. It is the law that one partner can not sue another to recover profits or to recover his share of partnership assets where the partnership is unsettled, although he may sue for an accounting and for the recovery of whatever may be found due upon a settlement of the partnership affairs. But this rule does not apply to all cases growing out of partnership contracts. Where there is an agreement adjusting partnership affairs, and that agreement awards to one partner a specific sum, or creates a specific duty in his favor, he may maintain an action upon a breach of the duty or promise. *Snyder* v. *Baber*, 74 Ind. 47; *Warring* v. *Hill*, 89 Ind. 497; *Lawrence* v. *Clark*, 9 Dana, 257, S. C. 35 Am. Dec. 133; *Foster* v. *Allanson*, 2 T. R. 479; *Wright* v. *Hunter*, 1 East, 20; *Neil* v. *Greenleaf*, 26 Ohio, St. 567; *Wells* v. *Carpenter*, 65 Ill. 447. The facts contained in the special finding bring the case fully within the rule just stated. These facts require the conclusion that there was an agreement of dissolution wherein were contained specific promises and stipulations creating specific duties, and there was no necessity for an accounting embracing all partnership matters, since only specific matters were in controversy.

As there was no necessity for an accounting, there was, of course, no reason for making a demand. Nor was a demand necessary to create a complete right of action for a breach of the specific promises and duties embraced in and created by the contract of dissolution. Where one

partner, upon dissolution, unconditionally agrees to pay a designated sum or a specified debt he is absolutely bound, and no demand is required to fix his liability.   *Anderson* v. *Ackerman,* 88 Ind. 481.

Where a partner collects money which he agrees shall be collected by his copartner as his individual property, and after collection converts it to his own use, the partner to whom the money belonged may maintain an action for its recovery without a prior demand.   As Alonzo Douthit had collected and appropriated $50 which he had agreed should belong to his copartner, the latter had a complete right of action for that sum when the former wrongfully converted the money.   The general rule is that where there is an actual wrongful appropriation of money or property a demand is not required.   That general rule applies with peculiar force to this case.

If it should be conceded that there were no specific agreements which entitled the appellee to maintain an action, it would still be quite clear that the appellant Alonzo Douthit is in no situation to insist that the action can not be maintained, for he himself brought an action which operated as an election.   By suing his copartner, and wrongfully obtaining a judgment, he elected to treat the partnership matters as adjusted, and he can not be permitted to occupy inconsistent positions.   It would be flagrantly unjust to allow him to secure a judgment on the theory that the appellee was in his debt for the wrongful conversion of partnership money, and deny the appellee the right to assail that judgment, secure its cancellation, and recover what is justly due him.

It is true, as the appellants contend, that facts not contained in a special finding are, as against the party having the burden of proof, presumed not to have been proved, but while the appellants are substantially correct in their statement of the general rule they are radically wrong in their application of the rule.   They attempt to apply the rule

as to make it necessary to hold that, as it does not appear that Alonzo Douthit did not indemnify the appellee for paying the Bassett judgment, therefore it must be assumed that he did indemnify him. This is, it is very evident, a radical error. The appellant Alonzo Douthit was the actor, and upon him rested the burden of proving that the appellee was indemnified.

It is earnestly contended that the facts do not show that there was fraud in securing the judgment which the court decreed should be cancelled and against which the injunction was directed. Counsel for the appellants say: "Nor does the fact that after the commencement of the suit against the appellee, the appellants, Douthit and McFadden, both advised the appellee not to make any appearance thereto nor make any preparation for a defense against the same, and accompanied said advice with a promise that they would not take any judgment against the appellee, and that the appellee relied on the same, contribute in the slightest degree to the appellee's right of recovery." The authorities would require us to sustain the decree annulling the judgment, even if there were no other facts stated in the finding than those contained in counsel's statement. *Nealis* v. *Dicks*, 72 Ind. 374, and authorities cited; *Detwiler* v. *Schultheis*, 122 Ind. 155, and cases cited. Where parties and counsel prevent an appearance and defense by representations and promises, they are guilty of fraud if, in violation of the promises and contrary to the representations, they take a default in a case where they know there is a defense. In this case, however, the trial court finds that there was a conspiracy between attorney and client, who had knowledge that there was no cause of action, to take a judgment, and that in order to carry out the premeditated design and to accomplish the object of the conspiracy they made the representations and promises which deceived the appellee. Upon the facts stated, there can be no doubt

that the judgment obtained by the appellant Alonzo Douthit ought not to stand.

Whether the final decree is or is not in form correct, or whether it does or not award the proper relief, are questions we have not examined, as there is no motion to modify. It is settled that to present such, a motion to modify must be made in the trial court and proper exceptions taken and exhibited. See authorities cited, Elliott's Appellate Procedure, sections 345, 346.

Judgment affirmed.

Filed November 29, 1892.