AUSTIN W. LORD and J. MONROE HEWLETT, Respondents, *v.* WASHINGTON HULL, Appellant, Impleaded with KENNETH M. MURCHISON, JR., Respondent.

*Partnership accounting — when a court of equity will entertain an action therefor although a dissolution of the firm is not sought.*

A court of equity will not ordinarily entertain a suit for an accounting between copartners unless the action is brought with a view to dissolving the copartnership. Where, however, one of the members of a firm executes, in the name of the firm, a contract to give a third party a certain portion of the com-

mission to be received by the firm for doing certain work, and a dispute subsequently arises between the partners — which does not embrace all the partnership transactions, but simply involves the construction of the partnership agreement as bearing upon the contract with the third party, the construction of the latter contract and the question whether the latter agreement is binding upon the firm — a court of equity may, although a dissolution of the firm is not asked for or desired, entertain an action between the partners, to which the third party is subsequently made a defendant by an order from which no appeal was taken, for an accounting in respect to the matters in controversy.

*Semble,* that in such a case it is proper to award a money judgment in favor of the third party for the amount due to him under the contract.

McLAUGHLIN and LAUGHLIN, JJ., dissented.

APPEAL by the defendant, Washington Hull, from an interlocutory judgment of the Supreme Court in favor of the plaintiffs and the defendant, Kenneth M. Murchison, Jr., entered in the office of the clerk of the county of New York on the 8th day of April, 1902, upon the decision of the court rendered after a trial at the New York Special Term, and also from a final judgment of the Supreme Court, entered in said clerk's office on the 13th day of May, 1902, pursuant to a stipulation.

The action is in equity to obtain an accounting between partners and an interpretation of their partnership agreement and of a written contract entered into with the defendant Murchison in the partnership name. The latter agreement is embodied in a letter as follows:

" K. M. MURCHISON, JR., ESQ. : *Feb.* 18, 1896.

" DEAR SIR.— Our proposition for the proposed residence and mausoleum for William A. Clark, Esq., for which sketches are now being prepared in this office, is as follows : The above-mentioned work is to be done under the name of Lord, Hewlett & Hull, and K. M. Murchison, Jr., Associated Architects. For the work on the mausoleum fifteen per cent. of the gross commissions is to be paid to you, and fifteen per cent. of the gross commissions is to be paid to Horace B. Collins. For the work on the residence ten per cent. of the gross commissions is to be paid to you, and any draughting or other work that shall be done by you under our direction in connection with either of these contracts shall be paid for by us at a rate to be agreed upon between you and ourselves.

" Very truly yours,

" LORD, HEWLETT & HULL.

" Accepted, K. M. MURCHISON, JR."

The parties originally were Lord and Hewlett as plaintiffs and Hull as defendant, these three persons composing the firm of Lord, Hewlett & Hull, architects. By order of the court made after the action was brought, the defendant Murchison was brought in as a party defendant and he thereafter appeared and served his answer, claiming the benefits of the agreement which is above set forth.

The Special Term after a trial rendered a decision determining the rights of the parties under the partnership agreement and under the contract with Murchison, and ordered an accounting. To save a reference the parties by stipulation agreed that under the terms of the decision there would be due from the defendant Hull to the plaintiffs the sum of $1,415.27, and from the plaintiffs and the defendant Hull to the defendant Murchison the sum of $3,000. From the judgment entered, the defendant Hull appeals.

*John Henry Hull,* for the appellant.

*J. Albert Lane,* for the plaintiffs, respondents.

*Henry B. Culver,* for the defendant, respondent.

O'Brien, J.:

The two questions which were principally contested upon the trial and which are again presented upon this appeal are, *first,* whether this action for an accounting is maintainable, and, if so, whether a money judgment could herein be awarded in favor of Murchison; and, *secondly,* whether the so-called Murchison agreement is valid and binding upon the firm.

Upon this latter question little need be added to what was said by the learned judge at Special Term in his opinion, wherein he pointed out the consideration which moved from Murchison to the firm; which consideration, we think, was sufficient to support the agreement.

The more serious question is the one first stated, whether or not this action is maintainable. The general rule is that courts of equity will not sustain a copartnership suit for an accounting, except with a view to dissolve the partnership. Thus, in Collyer's Law of Partnership (Vol. 1 [6th ed.], § 282) it is said: "The account which a court of equity decrees between partners is usually consequent upon a dissolution, and Lord Eldon was inclined to hold that it must

depend upon a dissolution." And Lindley on Partnership (Vol. 2 [Ewell 1st ed.], p. 1231) refers to " the old rule " that " a decree for an account between partners will not be made, save with a view to the final determination of all questions and cross claims between them and to a dissolution of the partnership." This author, however, clearly points out the relaxation of this rule, and refers to certain exceptions, the second of which he states (p. 1231) to be, " where the partnership is for a term of years still unexpired, and one partner has sought to exclude or expel his copartner, or to drive him to a dissolution," under which circumstances an accounting may be granted without there being a dissolution of the firm.

Here the partnership was engaged in important work which required time and the service of all the partners for its completion ; and unless the questions about which they disagreed, and which were serious, could in some way be adjusted consistent with the rights of the partners under their firm agreement, it was evident that, to the great detriment of all, a dissolution would result. The principal contention between them was as to the construction of their partnership agreement as bearing upon the contract entered into with Murchison, and how far this latter agreement was binding on the firm. The defendant Hull insisted that he was entitled to withdraw one-third of all moneys from the firm as they were received for the work on the Clark buildings ; and on his copartners he cast the burden of meeting the obligations which they believed rested on the firm under the Murchison agreement. Were this to continue, it would unsettle the business of the partners and widen the breach between them, and in the end would enable Hull, who had access to the firm's bank account, to withdraw his one-third in full and place upon his two partners the burden of paying out of their share what they believed and conceded was due to Murchison. The settlement of this controversy was important, not only as affecting the liability of the firm, but also as being essential for that harmony between the parties which was necessary to enable them successfully to work together and complete their various contracts.

It must be remembered, moreover, that the dispute did not embrace all of the partnership transactions, but was confined and related solely to the difference arising over the Murchison contract ; and the settlement of the dispute and a construction of their firm

agreement as bearing upon that controversy in no way affected the rest of their partnership affairs. We think, therefore, that this action is within the exception to the general rule that a court of equity will not take a partnership accounting except in connection with the dissolution of the firm.

Another feature bearing upon the question of the right and juris-diction of a court of equity to take cognizance of the action arises from the fact that the rights of Murchison, a third party, are involved, who, excepting as to the contracts for the Clark buildings, is a stranger to the partnership. He has been made a co-defendant by order of the court, not appealed from, and herein he was permitted to litigate his rights. The dispute, therefore, involving as it did a third party to the firm, was one which could properly be brought into equity for adjustment. Although Murchison was not originally a party, having been duly brought in and being there of right, the action is to be viewed as though he had originally been made a party.

Thus considered, there was a serious difference of opinion among the partners as to whether the residence of Clark, constructed and to be constructed by the firm, was the one referred to in the Murchison agreement, Hull's contention being that, by reason of changes in the plans due to acquisition of a larger plot of land by Mr. Clark, the present building is entirely different from the one mentioned in such agreement, and that in connection with the present building of Clark Murchison is entitled to no payments from the firm. The direct question, therefore, is presented as to the construction to be given the written agreement between the firm and Murchison, upon which necessarily depends the rights and duties of the partners, not only as between themselves but as regards Murchison.

In one aspect of that agreement, Murchison might be regarded as a partner, because not only is he in name and designation on the plans held out as an associate architect with the others, but, regard being had to the manner in which he was to be paid, it might well have been held that with respect to the Clark buildings he was in effect a partner with the others. It is unnecessary, however, to determine this question, or to do more than refer to the facts bear-ing upon the controversy for the purpose of showing that, although

a dissolution was not asked for or desired, it was still competent for the court, to the end that the firm might continue, to assume jurisdiction of this one subject of difference and, upon a construction of the agreement, determine the respective rights of the parties.

This view which we take of the controversy we think disposes as well of the contention that in such a suit it was not proper to award a money judgment in favor of Murchison. The defendant Hull insists that, as to Murchison's claim, he was entitled to a trial by jury. As we have endeavored to point out, Murchison's relation to the firm, if not strictly that of a partner, was that of a partner *quoad hoc;* and in determining his rights in an action wherein both his contract and the partnership agreement were involved, it was permissible to direct, as was done, an accounting among all the parties or partners.

We deem it unnecessa.y to discuss the many subsidiary questions raised; because we think that they were properly disposed of at the Special Term. Having concluded that it was competent for the Special Term to order an accounting, and there being no valid ground for assailing the lines upon which the accounting was directed, and the parties agreeing as to the sums payable under the determination of the court, it follows that the judgment entered upon the decision, and in accordance with the stipulation of the parties, is right and should be affirmed, with costs.

Van Brunt, P. J., and Patterson, J., concurred; McLaughlin, and Laughlin, JJ., dissented.

McLaughlin, J. (dissenting):

The complaint alleged that the plaintiffs and the appellant Hull, at and for some time prior to the commencement of this action, were copartners and as such entered into an agreement with the defendant Murchison, by which they agreed to pay to him ten per cent of the gross commissions for the work which they did as architects on the residence of one William A. Clark; that thereafter a disagreement arose between the copartners as to the validity of the agreement entered into with Murchison and as to the liability of the copartnership to him for payments theretofore and thereafter to be made; that the defendant Hull had withdrawn from the copartnership funds in excess of what he was entitled to, and appropriated them

to his own use; that a dissolution of the copartnership was not desired, but that judgment was asked that an accounting be had between the copartners of all matters relating to the copartnership to the commencement of the action, and that it be determined whether the agreement with Murchison was binding upon the firm, and for such other and further relief as might be just and proper.

The answer of the defendant Hull put in issue the validity of the agreement and the payments made by reason of it to Murchison; denied that he had withdrawn from the firm any sum of money to which he was not entitled, and alleged that the plaintiff Hewlett made the agreement with Murchison on his own behalf, and not otherwise, and without the knowledge or consent of the other members of the firm, and asked that an accounting be had, and a judgment awarded against the plaintiffs for the amount of such unauthorized payments. After issue had been thus joined, Murchison, upon his own application, was made a defendant to the action, and as such interposed an answer in which he substantially admitted all of the allegations of the complaint, and denied all of the allegations as to new matter set up in the answer of the defendant Hull; alleged the making of the agreement with the firm, and asked that a judgment be given him for whatever sum might be found to be due from the firm to him under the agreement.

At the trial the only questions litigated were whether Murchison's agreement was binding upon the firm, and, if so, whether the plaintiffs were entitled to a judgment against the defendant Hull for the amounts which he had drawn out of the assets of the firm corresponding to what would have been his share had not certain payments, to which he objected, been made by the firm to Murchison. After both parties had rested, the defendant Hull moved to dismiss the complaint upon the ground, among others, that no cause of action had been established justifying an accounting between the partners, and that there was no ground for equitable relief. The motion was denied and subsequently the court made a decision to the effect that the Murchison agreement was binding upon the firm and that he was entitled to judgment for whatever amount might be found due him on an accounting from the firm, and that the defendant Hull was liable to the plaintiffs for the sums before mentioned which he had drawn out of the firm, and an interlocutory

judgment was directed accordingly. To save the expense of a reference to determine these several amounts, the same were agreed upon and final judgment was entered in favor of the plaintiffs against Hull, and in favor of Murchison against the firm, from which, as well as from the interlocutory judgment, the defendant Hull appealed.

I am unable to concur in the prevailing opinion that the judgments should be affirmed. In the view which I take of this record no ground whatever was shown for equitable relief. There was no dispute between the partners, except as to whether or not Murchison's agreement was binding upon the firm. That presented, not an equitable, but a legal question, and the validity of that agreement could not be determined under the pretense of an accounting between the partners. None of them either wanted or asked for a dissolution of the firm and a dissolution was not decreed, nor was an accounting between them ordered. As I understand the law, a court of equity will not entertain jurisdiction of the affairs of a partnership until by its decree a final judgment of the business of the partnership can be effected (2 Beach Mod. Eq. Juris. § 873; 1 Collyer Part. [6th ed.] § 282; 2 Lindl. Part. [Ewell, 1st ed.] 1231; *Thompson* v. *Lowe*, 111 Ind. 272); in other words, that disagreements between partners will only be settled by a court of equity when a dissolution is desired or has taken place. This seems to be the general rule, and, indeed, is conceded in the prevailing opinion, but it is there said that it has been modified, at least to the extent of directing an accounting where the partnership extends for a term of years and one of the partners has sought to exclude or expel his copartner, or to drive him into dissolution. It may well be doubted whether this rule has been modified to the extent suggested. But whether it has or not it has no application to the facts here presented. Here there has been no accounting directed between the partners, nor has a dissolution been decreed, nor do any of the partners want a dissolution. All that has been done is to determine that Murchison has an agreement which is binding upon the firm, and by reason of which he has a valid claim for a specified sum, for which judgment is directed in his favor, and that the defendant Hull having objected to certain payments theretofore made to him, and withdrawn from the firm's assets a sum corresponding to his interest in

such payments, the other two partners were entitled to a judgment against him for that amount.   As to the claim of Murchison, no basis whatever was presented for the exercise of the equitable powers of the court.   If the claim was a valid one, the firm should, as it did, pay it; if invalid, then the parties disputing it were entitled to a jury trial.   As to the judgment against Hull, whether he had withdrawn from the firm's assets sums to which he was not entitled, could only be determined when the firm was dissolved and an accounting had.

It is indeed a novel proposition that, whenever a disagreement arises between partners and neither of them desire or ask for a dissolution of the copartnership agreement, they can rush into a court of equity and have that court determine which one is right and which one is wrong.   I do not believe that the court ought to permit its equitable powers to be used in this way, and for these reasons, the question having been presented on a motion to dismiss the complaint at the close of the trial, I think the judgment against the defendant Hull should be reversed, with costs.

Judgment affirmed, with costs.